PAUL M. GLEASON State Bar No.: 155569
TOREY FAVAROTE State Bar No.: 198521
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:  (213) 452-0510
Facsimile:   (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com

Attorney for Defendant
CoreCivic, Inc. formerly known as
Corrections Corporation of America

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, an individual, on behalf of himself and all others similarly situated, | Case No.: 16-1030 |
| Plaintiff, | **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441 AND 1446** |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA, a Maryland corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   **TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF JOSÉ**

2   **GONZALEZ, AND HIS ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that defendant CoreCivic, Inc. (formerly known

4   as Corrections Corporation of America) (hereinafter "Defendant") hereby removes

5   the below referenced action from Kern County Superior Court in the State of

6   California to the United States District Court for the Eastern District of California.[1]

7   Removal is based on 28 USC sections 1332(d) (the Class Action Fairness Act),

8   1441(b) and 1446 on the following grounds:

9   **I.      DESCRIPTION OF THE ACTION.**

10      On October 17, 2016, Plaintiff, José Gonzalez, on behalf of himself and all

11  others similarly situated, filed a putative class action complaint against Defendant in

12  the Superior Court of California, County of Kern ("Superior Court"), Case No. BCV-

13  16-102499, wherein he alleges the following causes of action:  (1) Failure to Pay

14  Compensation Due for Hours Worked;  (2)  Meal Period Violations; (3) Rest Period

15  Violations; (4) Failure to Pay Waiting Time Wages Pursuant to Labor Code Section

16  203; and (5) Violation of Business and Professions Code Section 17203 (hereinafter

17  the "Complaint").  The Complaint was served on Defendant on November 18, 2016.

18  A true and correct copy of the Service of Process Transmittal, Summons and

19  Complaint is attached hereto as Exhibit A.

20      Defendant is informed and believes, and on that basis, alleges that there have

21  been no other named defendants in this case, and no other defendant, whether named

22  or not, has been served with, or otherwise received the Complaint.

23      Attached hereto as Exhibit B are all other documents on file in this matter with

24  the Superior Court of the State of California, County of Kern.

25  / / /

---

26  [1] Although not named as a Defendant at this time, Plaintiff's actual employer

27  was CoreCivic of Tennessee, LLC (formerly CCA of Tennessee, LLC), which is
    incorporated and headquartered in the state of Tennessee and therefore will not

28  destroy diversity if added as a Defendant.  (Declaration of Kelly Atwood, ¶¶ 3-4).

1.

## II.   TIMELINESS OF REMOVAL.

The Complaint was filed on October 17, 2016, and served on Defendant on November 18, 2016. (See, Ex. A (Service of Process Transmittal and Summons). This Notice of Removal is therefore timely as the 30-day period after service of the Summons and Complaint was Sunday, December 18, 2016, and this Notice of Removal is filed on the next day thereafter.  See, 28 U.S.C. Section 1446(b) and F.R.C.P Rule 6(a)(1).

## III.   DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

Removal jurisdiction is based on 28 U.S.C. section 1332(d), the Class Action Fairness Act of 2005 ("CAFA").  In relevant part, CAFA grants federal district courts original jurisdiction over civil class-action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth herein, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice of Removal.

This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5 million; and (4) there is diversity between at least one class member and at least one defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5), 1453(a); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 (9th Cir. 2007) ("Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446**

1  exceeds $5,000,000, and (2) any class member is a citizen of a state different from

2  any defendant.").

3  **IV.   DIVERSE CITIZENSHIP OF THE PARTIES.**

4      CAFA's diversity requirement is satisfied when at least one plaintiff is a

5  citizen of a state different from at least one defendant. 28 U.S.C. §§ 1332(d)(2).

6      For diversity purposes, a person is a "citizen" of the state in which he or she is

7  domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983); see

8  also LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined

9  at the time the lawsuit is filed); see also Lundquist v. Precision Valley Aviation, Inc.,

10 946 F.2d 8, 10 (1st Cir. 1991). Residence is *prima facie* evidence of domicile. State

11 Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994).

12     Plaintiff is a resident of California and he worked for Defendant in California

13 City, California. (Ex. A, Complaint, ¶ 5). For diversity purposes, a person is a

14 "citizen" of the state in which he is domiciled. See Kantor v. Wellesly Galleries,

15 Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Thus, Plaintiff is a citizen of the State of

16 California. See 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in

17 which he or she is domiciled). Plaintiff seeks to represent current and former

18 employees of Defendants who were employed in the State of California during the

19 putative class period. (Ex. A, Complaint, ¶ 6.)

20     Defendant was, at the time of the filing of the state court action, and remains a

21 corporation incorporated under the laws of the State of Maryland, with its principal

22 place of business in the State of Tennessee. (Atwood Dec., ¶ 2.) Pursuant to 28

23 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by

24 which it has been incorporated and of the State where it has its principal place of

25 business." Accordingly, Defendant is not a citizen of the State of California.

26     The citizenship of fictitiously-named "Doe" defendants is to be disregarded

27 for the purposes of removal. 28 U.S.C. section 1441(a); Newcombe v. Adolph Coors

28 Co., 157 F.3d 686, 690-691 (9th Cir. 1998).

3.

1    Accordingly, because Plaintiff is a citizen of a state different from Defendant,

2    minimal diversity exists for purpose of establishing jurisdiction under traditional

3    diversity principles and under CAFA.  28 U.S.C. Sections 1332 (d) (2) (A); 1453 (b);

4    Bush v. Cheaptickets, Inc., 425 F.3d 683, 684 (9th Cir. 2005).

5    **V.    CLASS SIZE.**

6    Plaintiff alleges in his Complaint that he seeks to represent the following

7    classes: (1) "**Unpaid Working Hours and Unpaid Overtime Class – Security Line**

8    **Claims**.  All non-exempt persons who were employed by Defendants in California

9    during the period beginning four years before the filing of this complaint and ending

10    on the date judgment is entered herein, or any shorter period as determined by the

11    Court, who were not paid for time spent going through the security checks that

12    Defendants required them to go through"; (2) "**Unpaid Overtime Class**.  All non-

13    exempt persons who were employed by Defendants in California and who worked

14    hours in excess of 8 hours in a day and/or in excess of 40 hours in a week during the

15    period beginning four years before the filing of this complaint and ending on the date

16    judgment is entered herein, or any shorter period as determined by the Court, and

17    were not paid overtime for all of such hours at the appropriate rate"; (3) "**Meal**

18    **Break Class**.  All non-exempt persons who were employed by Defendants in

19    California and who were not properly paid for meal breaks that were not properly

20    provided and/or noncompliant during the period beginning four years before the

21    filing of this complaint and ending on the date judgment is entered herein, or any

22    shorter period as determined by the Court"; (4) "**Rest Break Class**.  All non-exempt

23    persons who were employed by Defendants in California and who were not properly

24    paid for rest breaks that were not properly provided and/or noncompliant during the

25    period beginning four years before the filing of this complaint and ending on the date

26    judgment is entered herein, or any shorter period as determined by the Court"; and

27    (5) "**Termination Pay Stub Sub-Class**.  All Unpaid Working Hours Class members,

28    Unpaid Overtime Class, Meal Break and Rest of Break class members whose

4.

1   employment with Defendants terminated within three years prior to the filing of the

2   original complaint in this action through the date of judgment entered herein."

3   (Complaint, ¶ 6).  According to Plaintiff's Complaint, "Plaintiff believes there are

4   more than 100 class members."  (Ex. A, Complaint, ¶ 10).

5          These alleged classes potentially contain all non-exempt employees in

6   Defendant's California locations from October 17, 2012 to the present.  Defendant

7   employed in excess of 500 non-exempt employees in Defendant's California

8   locations during the alleged class period of October 17, 2012 to the present.

9   (Atwood Dec., ¶¶ 5 and 7.)  Accordingly, the putative classes exceed the minimum

10  size of at least 100 proposed plaintiffs in the aggregate.

11  **VI.     AMOUNT IN CONTROVERSY.**

12         Pursuant to CAFA, the alleged amount in controversy in this class action

13  exceeds, in the aggregate, five million dollars ($5,000,000).  28 U.S.C. § 1332 (d)(6)

14  (under CAFA, claims of individual class members aggregated to determine if amount

15  in controversy exceeds $5,000,000).  The Complaint seeks to recover all unpaid

16  working hours, unpaid overtime hours, penalties for missed meal periods and rest

17  breaks, and waiting time penalties.  (Ex. A, Complaint, ¶¶ 20, 21, 25, 32, 33, 38, 39,

18  and 43-46).  In addition to alleging Labor Code violations, Plaintiff also seeks to

19  recover under <u>Business and Professions Code section 17200</u>, which has a four-year

20  statute of limitations pursuant to Section 17208.  (Ex. A, Complaint, ¶¶ 49-55).  As

21  set forth below, the amount in controversy implicated by these class-wide allegations

22  exceeds five million dollars.

23         "[W]here it is unclear or ambiguous from the face of a complaint whether the

24  requisite amount in controversy is pled," the defendant only needs to establish by a

25  "preponderance of the evidence" that the alleged claims exceed the jurisdictional

26  minimum. <u>See</u> <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th Cir.

27  2007).  Here, Plaintiff does not allege a total dollar amount in controversy in

28  Complaint.  The amount in controversy is therefore unclear from the face of the

5.

complaint.  Therefore, Defendant only needs to establish by a preponderance of the evidence that the alleged claims exceed the jurisdictional minimum.  See Guglielmino, 506 F.3d at 700-701; Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).  Defendant estimates that the amount in controversy has been met based on competent data outlined below.

While Defendant expressly denies the validity of Plaintiff's claims and any liability for the damages sought in his Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must look to the allegations in Plaintiff's Complaint and presume that Plaintiff will prevail on his claims.  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.").  Thus, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability."  Lewis v. Verizon Communications, Inc., 627 F.3d 395, 400 (9th Cir. 2010).  When determining whether a Plaintiff's Complaint meets the jurisdictional threshold, the Court should consider the allegations in the Complaint and facts set forth in the Notice of Removal.  See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiffs allegations, sufficient to support finding of jurisdiction); DeAguillar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); accord Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992); White v. FCI USA, Inc., 319 F. 3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorneys' fees, that plaintiffs claim exceeded the jurisdictional threshold).

The requisite amount in controversy is established through an examination of

6.

the claims asserted by Plaintiff.  Among other relief, Plaintiff seeks to recover on behalf of all non-exempt employees employed in California for waiting time penalties under Labor Code section 203 for alleged failure to pay all wages due at the end of employment.  See Ex. A, Complaint, ¶¶ 40-48.

Labor Code section 203 provides for the imposition of waiting time penalties where an employer fails to pay, on the date an employee is discharged or quits, all wages then due.  The maximum penalty for each former employee who was not paid all wages due upon departure is 30 days of wages.  The statute of limitations for claims under Labor Code section 203 is three years.  Cal. Lab. Code § 203; Cal. Code Civ. Proc. § 338.  During the relevant time frame, October 17, 2013 (three years prior to the date the Complaint was filed) to the present, 41 employees left their employment at Defendant's San Diego facilities (OMDC and SDCF) (hereinafter collectively referred to as "SDF") at an average pay of $27.88 per hour and 225 employees left their employment at Defendant's California City facility (hereinafter referred to as "CCF") at an average rate of pay of $24.92/hour.  (Atwood Dec., ¶¶ 5 and 7.)  Assuming an eight-hour workday, multiplied by the average hourly rates for SDF and CCF, respectively ($27.88 and $24.92), multiplied by the total number of employees who left their employment with Defendant from SDF and CCF, respectively, during the relevant time period (41 and 225), multiplied by 30 days (the maximum number of days for which waiting time penalties can be imposed per former employee) or (SDF:  8 x $27.88 x 41 x 30) + (CCF:  8 x $24.92 x 225 x 30), the sum of Labor Code section 203 penalties is $1,620,019.20.

Plaintiff's complaint also alleges class claims to recover unpaid overtime in the amount of 20 minutes each day for the past four years (Complaint, ¶¶ 6 and 16-23).  Damages for unpaid overtime is calculated by multiplying the amount of unpaid overtime each day (20 minutes or .33 hours), by the number of days of unpaid overtime (assuming a 5 day workweek) at SDF and CCF, respectively (1040 and

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446

285),[2] by the overtime rate of one and one half times the regular rate at SDF and CCF, respectively ($54.51 and $37.08), by the number of employees at SDF and CCF, respectively (180 and 253) or (SDF: .33 x 1040 x $45.51x 180) + (CCF: .33 x 285 x $37.08 x 253), for a total sum for unpaid overtime of $3,693,731.38. The total sum for waiting time penalties and overtime is $5,313,750.58, which exceeds the jurisdictional threshold.

The Complaint also alleges class claims to recover wages for missed meal and rest periods for the past four years. *See,* Exhibit A, Complaint, ¶¶ 27-39. With regard to missed meal periods, Plaintiff alleges in his Complaint that "Plaintiff and other Meal Break Class members **regularly** worked in excess of 10 hours per workday, and, therefore, had the right to take a second meal period on those workdays, but Defendants did not provide them with such meal periods;" and that "Plaintiff and other class members were entitled to one additional hour of pay at the employee's regular rate of compensation for each work day that the required meal period(s) were not provided." (Complaint, ¶¶ 31 and 32 (emphasis added)). With regard to missed rest breaks, Plaintiff alleges that "Defendant **failed to provide Plaintiff and the other Rest Break Class members with rest breaks**. Instead, once at their posts, Plaintiff and the other Rest Break Class members were not permitted to leave their post, except to quickly go to the bathroom;" that "Even though Plaintiff and other class members worked shifts greater than three and one-half hours but less than four hours, and worked shifts greater than six hours but less than eight hours, and worked shifts greater than 10 hours, **Defendants deprived them of all of the rest periods to which they were entitled**;" and that "Plaintiff and class members

---

[2] For SDF, the number of days of unpaid overtime violations is 52 weeks x 5 days/week x 4 years or 1040 days. As Defendant's California City facility closed on or about November 23, 2013 (Ex. A, Complaint, ¶ 5), the liability period for Plaintiff's alleged class claims for missed meal periods and rest breaks and unpaid overtime is 57 weeks (October 18, 2012 through November 23, 2013) or 285 days (57 weeks x 5 days/week).

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446

1    were entitled to one additional hour of pay at the employee's regular rate of

2    compensation for each work day that the required rest periods were not provided."

3    (Ex. A, Complaint, ¶¶ 37-39 (emphasis added)).

4          Defendant employed a minimum of 180 individuals in the position of non-

5    exempt Detention Officer at an average hourly rate of $30.34 at CDF between

6    October 17, 2012 and the present date and 253 employees at an average hourly rate

7    of $24.72 at its CCF between October 12, 2012 and the present date.  (Atwood Dec.,

8    ¶¶ 5, 6 and 7).

9          Although Plaintiff's complaint does not specifically allege the frequency of

10   missed meal periods and rest breaks per week, it could be inferred from his

11   allegations that Plaintiff and the other class members he seeks to represent were

12   denied meal periods and rest breaks altogether.  (See, Complaint, ¶¶ 31, 32, 37, 38

13   and 39).  Yet even assuming a more modest violation rate of one missed meal period

14   and one missed rest breaks each week, the damages for missed meal and rest periods

15   are substantial, damages for missed meal periods and rest breaks are calculated by

16   multiplying (for each facility) the number of violations per week (2), by the hourly

17   rate at SDF and CCF, respectively ($30.34 and $24.72), by the number of weeks

18   when alleged violations occurred at SDF and CCF, respectively (208 and 57), by the

19   number of employees at SDF and CCF, respectively (180 and 253) or (SDF: 2 x

20   $30.34 x 208 x 180) + (CDF:  2 x $24.72 x 57 x 253), for a total sum for meal and

21   rest period violations of $2,984,833.44.

22         Plaintiff also seeks reasonable attorneys' fees, which this Court may consider

23   in determining whether the amount in controversy has been satisfied.  See, e.g., Bell

24   v. Preferred Life, 320 U.S. 238 (1943); Galt G/S v. JSS Scandinavia, 142 F.3d 1150,

25   1155-56 (9th Cir. 1998) (including prayer for attorneys' fees in determining amount

26   in controversy where potentially recoverable by statute); Goldberg v. C.PC. Int'l.,

27   Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken

28   into account to determine jurisdictional amounts); Gibson v. Chrysler, 261 F.3d 927

9.

1   (9th Cir. 2001).

2   By adding up the potential amount of penalties claimed by Plaintiff through

3   the Complaint under Labor Code section 203, Plaintiff is seeking approximately

4   $8,298,584.02 in monetary relief.  Plaintiff's claims clearly exceed $5,000,000,

5   without even taking into account Plaintiff's other claims and requests for relief, such

6   as attorney's fees.  Again, CAFA, 28 U.S.C. section 1332(d), authorizes the removal

7   of class action cases in which, among other factors mentioned above, the amount in

8   controversy for all class members exceeds $5,000,000.  Defendant denies the validity

9   and merit of all of Plaintiff's claims, the legal theories upon which they are

10   purportedly based, and the claims for monetary and other relief that flow from them.

11   However, assuming them to be accurate for purposes of this removal only, it is

12   readily apparent, when considered in the context of the causes of action in the

13   Complaint, that the monetary relief sought in this action exceeds the jurisdictional

14   minimum.

15   Removal of this action is therefore proper as the aggregate value of Plaintiff's

16   claims for statutory penalties, compensatory damages, and attorneys' fees is in

17   excess of the $5,000,000 jurisdictional requirement.

18   ### NO BASIS FOR DECLINING JURISDICTION EXISTS

19   There is no basis for this Court to decline jurisdiction.  The CAFA permits a

20   district court to decline to exercise its jurisdiction only in specified instances where a

21   primary defendant is a citizen of the forum state.  28 U.S.C. § 1332(d)(3) and (4).

22   Here, none of the Defendants are citizens of California.

23   Contemporaneously with the filing of this Notice of Removal in the United

24   States District Court for the Eastern District of California, written notice of such

25   filing will be served on Plaintiff's counsel of record: Peter R. Dion-Kindem of The

26   Dion-Kindem Law Firm, Lonnie C. Blanchard of the Blanchard Law Group, APC,

27   and Jeff Holmes of Holmes Law Group, APC.

28   In addition, a copy of the Notice of Removal will be filed with the Clerk of the

10.

1   Court for the Superior Court of the County of Kern California.

2       WHEREFORE, having provided notice as is required by law, the above-titled

3   action should be removed from the Superior Court for the County of Kern to this

4   Court.

5

6   DATED:   December 19, 2016          GLEASON & FAVAROTE, LLP
                                        PAUL M. GLEASON
7                                       TOREY JOSEPH FAVAROTE

8

9                                       By _____/s/ Paul M. Gleason_____
                                               Paul M. Gleason

10                                      Attorneys for Defendant CoreCivic, Inc.
                                        formerly known as Corrections
11                                      Corporation of America

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS
1332(D), 1441 AND 1446

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/18/2016
CT Log Number 530212784

**TO:**    Scott Irwin, General Counsel
Corrections Corporation of America
10 Burton Hills Blvd
Nashville, TN 37215-6105

**RE:**    **Process Served in California**

**FOR:**   Corrections Corporation of America  (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jose Gonzalez, an individual, on behalf of himself and all others similarly situated, Pltf. vs. Corrections Corporation of America, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Notice(s), Stipulation(s) |
| **COURT/AGENCY:** | Kern County - Superior Court - Bakersfield, CA<br>Case # BCV16102449 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Pay Compensation Due for Hours Worked |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/18/2016 at 09:50 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | PETER R. DION-KINDEM<br>THE DION-KINDEM LAW FIRM<br>21550 Oxnard Street, Suite 900<br>Woodland Hills, CA 91367<br>818-883-4900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0128681179<br><br>Image SOP |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*9:50 A*          *11-18-16*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Corrections Corporation of America, a Maryland corporation, and Does 1 through 10<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Jose Gonzalez, an individual, on behalf of himself and all others similarly situated | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br><br>**10/18/2016**<br>**Kern County Superior Court**<br>**Terry McNally**<br><br>**By Raquel Sanchez, Deputy** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Kern County Superior Court<br><br>1415 Truxtun Ave.<br>Bakersfield, CA 93301-4172 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BCV-16-102449 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter R. Dion-Kindem, 21550 Oxnard Street, Suite 900, Woodland Hills, CA 91367, 818-883-4900

| DATE:<br>*(Fecha)* 10/18/2016 | TERRY MCNALLY | Clerk, by<br>*(Secretario)* /s/ Raquel Sanchez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Corrections Corporation of America a Maryland Corporation

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

[SEAL]

ELECTRONICALLY FILED
10/17/2016 8:00:00 AM
Kern County Superior Court
Terry McNally
By Raquel Sanchez, Deputy

 PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone:     (818) 883-4900
Fax:              (818) 883-4902
Email:          peter@dion-kindemlaw.com

Attorneys for Plaintiff Jose Gonzalez

*[Additional counsel on following page]*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN

| | |
|---|---|
| Jose Gonzalez, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>Corrections Corporation of America, a Maryland corporation, and Does 1 through 10,<br><br>        Defendants. | Case No. BCV-16-102449<br>**CLASS ACTION**<br><br>**Complaint and Demand for Jury Trial for:**<br><br>1.   **Failure to Pay Compensation Due for Hours Worked**<br>2.   **Meal Period Violations**<br>3.   **Rest Period Violations**<br>4.   **Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**<br>5.   **Violation of Business and Professions Code Section 17203** |

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:    (213) 599-8255
Fax:            (213) 402-3949
Email:         lonnieblanchard@gmail.com

JEFF HOLMES (SBN 100891)
HOLMES LAW GROUP, APC
3311 East Pico Boulevard
Los Angeles, CA 90023
Telephone:    (310) 396-9045
Fax:            (970) 497-4922
Email:         jeffholmesjh@gmail.com

Plaintiff Jose Gonzalez ("Plaintiff") alleges:

1. This case arises out of Defendants' failure to comply with the California Labor Code and applicable Wage Order in the treatment of its non-exempt employees, including the failure to pay wages for regular and overtime hours, the failure to provide lawful meal and rest periods, the failure to pay meal period and rest period wages, the failure to pay waiting time wages, and the failure to provide lawful itemized wage statements, *inter alia*.

## DEFENDANTS

2. Defendant Corrections Corporation of America ("CCA") is a Maryland corporation with its principal place of business located at 10 Burton Hills Boulevard, Nashville, TN 37215. CCA operates from locations throughout the United States, including California.

3. Plaintiff does not presently know the true names and capacities of the Defendants named as Does 1 through 10, and, therefore, sues such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and class members' rights. Plaintiff will request leave of Court to amend this Claim to set forth their true names, identities and capacities when Plaintiff ascertains them.

4. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy, and Defendants aided and abetted each other in their execution. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

5. Plaintiff is a California resident. In or around April 2011, Defendants hired Plaintiff as a

corrections officer. Plaintiff worked at Defendants' California City Correctional Center ("Facility") located at 22844 Virginia Boulevard, California City, California 93505. On approximately September 17, 2013, Defendants provided Plaintiff with a Federal Warn Notice/California Labor Code Section 1400-1408 Notice informing him that CCA was exploring the operational transition of the Facility to the State of California and that his employment at CCA would be terminated "as of midnight, Saturday, November 23, 2013." Plaintiff was laid off on or about November 23, 2013. During his employment, Plaintiff primarily performed services for Defendants in Kern County.

## Class Action Allegations

6.     Plaintiff brings the action for himself and on behalf of the following classes and sub-classes, which are initially defined as follows:

**Unpaid Working Hours and Unpaid Overtime Class – Security Line Claims.**

All non-exempt persons who were employed by Defendants in California during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court, who were not paid for time spent going through the security checks that Defendants required them to go through.

**Unpaid Overtime Class.**

All non-exempt persons who were employed by Defendants in California and who worked hours in excess of 8 hours in a day and/or in excess of 40 hours in a week during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court, and were not paid overtime for all of such hours at the appropriate rate.

**Meal Break Class.**

All non-exempt persons who were employed by Defendants in California and who were not properly paid for meal breaks that were not properly provided and/or noncompliant during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court.

**Rest Break Class.**

All non-exempt persons who were employed by Defendants in California and who were not properly paid for rest breaks that were not properly provided and/or noncompliant during the period beginning four years before the filing of this complaint and ending on the date judgment is entered herein, or any shorter period as determined by the Court.

**Termination Pay Sub-Class.**

All Unpaid Working Hours Class members, Unpaid Overtime Class, Meal Break and

Rest Break class members whose employment with Defendants terminated within three years prior to the filing of the original complaint in this action through the date of judgment entered herein.

7. At some time during the class period, Plaintiff and all class members were employed by Defendants in California.

8. Each of the class members is identifiable and similarly situated to other class members of the class(es) and subclass(es). Plaintiff reserves the right to seek leave to amend this Complaint to add as a named plaintiff some or all of the persons who are class members.

9. The class action causes of action have been brought and may be maintained because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

10. **Numerosity.** The number of class members is so numerous that joinder of all members is impractical in that Plaintiff believes there are more than 100 class members. The names and addresses of the class members are identifiable through documents maintained by the Defendants, and the other class members may be notified of the pendency of this action by published and/or mailed notice.

11. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendants implemented and engaged in a systematic practice whereby Defendants unlawfully failed to pay Plaintiff and the other class members for hours worked in violation of California law;

b. Whether the time spent by Plaintiff and the other members of the Unpaid Working Hours and Unpaid Overtime Class traversing company grounds to and through additional security gates after the first security gate constituted "hours worked" under California law for which they were entitled to be compensated;

c. Whether Plaintiff and the other class members are entitled to compensation or restitution

**Complaint**

5

under the applicable IWC Wage Order(s), regulations or statutes;

d.  Whether Defendants failed to pay Plaintiff and other Unpaid Overtime Class members all compensation due them for overtime;

e.  Whether Defendants failed to provide Plaintiff and the other Meal Break Class members with the required meal periods;

f.  Whether Defendants failed to provide Plaintiff and the other Rest Break Class members with the required rest periods;

g.  Whether Defendants failed to pay Plaintiff and the other Terminated Pay Sub-class members all wages due them;

h.  Whether Defendants' failure to pay Termination Pay Sub-class members all wages due them was willful within the meaning of Labor Code Section 203;

i.  The appropriateness and nature of relief to Plaintiff and the other class members;

j.  The appropriate type and/or measure of damages; and

k.  The extent of the liability of Defendants to Plaintiff and the other class members.

12.  **Typicality.** Plaintiff is a member of each of the classes, and Plaintiff's claims are typical of the claims of the class members. Plaintiff and the other class members sustained damages arising out of Defendants' common policies and/or course of conduct in violation of the law as alleged herein. Plaintiff is entitled to the same relief under the class action causes of action as the other class members.

13.  **Adequacy.** Plaintiff will adequately and fairly protect the interests of the class members. Plaintiff was employed by Defendants at times during the class period and is an adequate representative for the class members because Plaintiff has no interests adverse to the interests of the absent class members. Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation. The interests of the class members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

14.  **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the claims of the class members, since joinder of all class members is impractical. Class action

treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many individual class members may be relatively small, and the burden and expenses of individual litigation would make it difficult or impossible for individual members of the class to seek and obtain relief, while a class action will serve an important public interest. Furthermore, questions of law and fact common to the class members predominate over questions affecting only individual class members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof.

**Cause of Action No. 1**
**Failure to Pay Compensation Due for Hours Worked**
**(Against All Defendants)**

15.   Plaintiff realleges all of the preceding paragraphs.

**<u>Failure to Pay at Least Minimum Wage for Each Hour Worked</u>**

16.   Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members were required to work off the clock before and after they clocked in for work. Specifically, at the beginning of their shifts, Defendants required Plaintiff and the other Unpaid Working Hours and Unpaid Overtime Class members to park in a CCA parking lot, then walk to a security gate ("Gate 1") where their names were checked. Plaintiff estimates that approximately 50 corrections offices ("CO's") had to check in per shift. Each CO had to undergo each security check and pass through each gate individually. This resulted in lines. Once past Gate 1, Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members were in a secured work zone, were under the control of Defendants and were entitled to pay.

17.   Rather than allowing Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members to clock-in at Gate 1, Defendants required them to pass through second security gate

**Complaint**

7

("Gate 2").

18.     After passing the second gate, Plaintiff and the other Unpaid Working Hours and Unpaid Overtime Class members were required to check in with their shift supervisor(s) to receive post assignments and other instructions. After receiving these instructions, Plaintiff and the other Unpaid Working Hours and Unpaid Overtime Class members were required to walk to a third security gate ("Gate 3") where their clothes, shoes, bags and persons were checked for contraband and/or other restricted materials and where they were required to pass through a metal detector. Only after this last gate were Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members permitted to clock in. They did so using a fingerprint-scanning device.

19.     Similarly, at the end of their workday, Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members were clocked out where they were clocked in. Defendants then required Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members to walk back, in reverse order, by way of the same gates they had passed through at the beginning of their day. While they were not required to undergo the same level of screening on their way out as on their way in, they did have to pass through the same three security gates and frequently had to wait for gates to be opened.

20.     Defendants failed to pay Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members for this time at the beginning and end of each shift during which they were required by Defendants to work off the clock. It took Plaintiff approximately between 10 and 15 minutes to get from Gate 1, through Gate 2 and Gate 3 to the location where he could clock in at the beginning of his shift. Similarly, at the end of the shift, it took approximately 10 minutes for Plaintiff to get from the location where he clocked out through Gate 3, Gate 2 and Gate 1.

21.     As described above, Defendants failed to allow Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members to clock in at the actual beginning of their shifts and instead required them to clock in after their work had begun. As a result, Defendants failed to pay Plaintiff and the other Unpaid Working Hours and Unpaid Overtime Class members the resultant

regular and overtime wages owing to them.

22.  Additionally, Defendants failed to pay all other overtime wages owing at the proper rate to Plaintiff for hours worked in excess of 8 in a day and/or in excess of 40 in a week.

23.  Labor Code Section 1194.2 in relevant part provides:

> (a) In any action under Section 98, 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation. A suit may be filed for liquidated damages at any time before the expiration of the statute of limitations on an action for wages from which the liquidated damages arise.

### Failure to Pay for Overtime Hours Worked

24.  Plaintiff and the other Unpaid Working Hours and Unpaid Overtime Class members as well as the Unpaid Overtime Class members worked more than eight hours per day and/or more than 40 hours per week, and, were, therefore, entitled to overtime. Defendants failed to properly record all hours worked, including but not limited to hours Plaintiff and Unpaid Working Hours and Unpaid Overtime Class members were obligated to work before they were allowed to clock in and after they were required to clock out. By failing to include these hours as part of Plaintiff and other Unpaid Working Hours and Unpaid Overtime Class members' work hours, Defendants necessarily miscalculated and failed to pay the overtime or double time wages owing to them.

25.  Even without taking into account the time worked by Unpaid Working Hours and Unpaid Overtime Class members in going through security checks, Unpaid Overtime class members worked more than eight hours per day and/or more than 40 hours per week and were therefore entitled to overtime. Defendants failed to pay the overtime due Plaintiff and the other Unpaid Working Hours and Unpaid Overtime Class members.

26.  Plaintiff has incurred and is entitled to attorney's fees and costs for pursuing this claim.

**Cause of Action No. 2**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Meal Period Wages**
**(Against All Defendants)**

27.     Plaintiff realleges all of the preceding paragraphs.

28.     Labor Code Section 512 provides in relevant part:

> (a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

29.     Labor Code Section 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

30.     Paragraph 11 of the applicable Wage Order provides in relevant part:

> 11. MEAL PERIODS

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

> (C) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated...

31.   Once at their posts, Plaintiff and the other Meal Break Class and Rest Break Class members were not permitted to leave their post except to quickly go to the bathroom. Defendants failed to provide Plaintiff and the other Meal Break Class and Rest Break Class members with their lawfully required rest breaks and meal breaks.

32.   Additionally, Plaintiff and other Meal Break Class members regularly worked in excess of 10 hours per workday, and, therefore, had the right to take a second meal period on those workdays, but Defendants did not provide them with such meal periods.

33.   Pursuant to Labor Code Section 226.7, Plaintiff and other class members were entitled to one additional hour of pay at the employee's regular rate of compensation for each workday that the required meal period(s) were not provided. Defendants have not paid Plaintiff and the class members the additional pay due them under Section 226.7 and Paragraph 11 of the applicable Wage Order.

**Cause of Action No. 3**
**Failure to Pay Compensation Due**
**Pursuant to Labor Code Section 226.7 for Rest Period Wages**
**(Against All Defendants)**

34.   Plaintiff realleges all of the preceding paragraphs.

35.   Labor Code Section 226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

36.   Paragraph 12 of the applicable Wage Order provides in relevant part:

12. REST PERIODS

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

**Complaint**
11

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

37.  As alleged above, Defendants failed to provide Plaintiff and the other Rest Break Class members with rest breaks. Instead, once at their posts, Plaintiff and the other Rest Break Class members were not permitted to leave their post except to quickly go to the bathroom.

38.  Because Defendants' unlawful, class-wide rest period policy and/or practice failed to give effect to the "major fraction" language of the applicable Wage Order, *inter alia*, Defendants did not provide Plaintiff and other class members with all rest periods to which they were entitled under California law. Even though Plaintiff and other class members worked shifts greater than three and one-half hours but less than four hours, and worked shifts greater than six hours but less than eight hours, and worked shifts greater than 10 hours, Defendants deprived them of all of the rest periods to which they were entitled.

39.  Pursuant to Labor Code Section 226.7, Plaintiff and class members were entitled to one additional hour of pay at the employee's regular rate of compensation for each workday that the required rest periods were not provided. Defendants have not paid Plaintiff and class members the additional pay due them under Section 226.7.

**Cause of Action No. 4**
**Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**
**(Against All Defendants)**

40.  Plaintiff realleges all of the preceding paragraphs.

41.  Labor Code Section 201 in relevant part provides:

(a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately...

42.  Labor Code Section 202 in relevant part provides:

(a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting....

**Complaint**

43. Labor Code Section 203 provides in relevant part:

> (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…

> (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

44. The employment of Plaintiff and other Termination Pay sub-class members with Defendants terminated.

45. Defendants were aware that Plaintiff and other Termination Pay sub-class members whose employment had been terminated had not been paid the regular time, overtime, meal period, and/or rest period wages earned and unpaid at the time their employment terminated.

46. When the employment of Plaintiff and other Termination Pay sub-class members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them, including wages due for regular hours worked, wages for overtime hours worked, meal period wages and/or rest period wages in the time required by Sections 201 or 202.

47. Labor Code Section 218.5 provides in relevant part:

> (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

48. Plaintiff has incurred attorney's fees and costs in pursuing this claim.

**Cause of Action No. 5**
**Violation of California Business and Professions Code Section 17200, *et seq.***
**(Against All Defendants)**

49. Plaintiff realleges all of the preceding paragraphs.

50. Business & Professions Code Section 17200 provides:

> As used in this chapter, unfair competition shall mean and include any ***unlawful, unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

**Complaint**
13

51.     Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful business acts and/or practices.

52.     Defendants have been unjustly enriched as a result of Defendants' unlawful and/or unfair business acts and/or practices

53.     Business & Professions Code Section 17203 provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

54.     Plaintiff and all class members seek restitution of money and/or property by which Defendants were unjustly enriched during the Class Period.

55.     Plaintiff has incurred attorney's fees and costs in pursuing this claim.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1.     For damages for unpaid wages according to proof.

2.     For compensatory damages according to proof.

3.     For restitution and disgorgement for all unlawful and/or unfair business acts and/or practices according to proof.

4.     For attorney's fees and costs as allowed by law.

5.     For penalties as allowed by law.

6.     For prejudgment interest.

7.     For punitive damages according to proof.

8.    For such other and further relief as the Court deems proper.

Dated: October 14, 2016               THE DION-KINDEM LAW FIRM

BY: _____
          PETER R. DION-KINDEM, P.C.
          PETER R. DION-KINDEM
          Attorneys for Plaintiff Jose Gonzalez

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Peter R. Dion-Kindem (95267)<br>Peter R. Dion-Kindem P.C.<br>21550 Oxnard Street, Suite 900<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-883-4900    FAX NO.: 818-883-4902<br>ATTORNEY FOR *(Name):* Plaintiff | **ELECTRONICALLY FILED**<br>10/17/2016 8:00:00 AM<br>Kern County Superior Court<br>Terry McNally<br>By Raquel Sanchez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kern**
STREET ADDRESS: 1415 Truxtun Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301-4172
BRANCH NAME: Superior Courts Building

CASE NAME:
Gonzalez v. Corrections Corporation of America

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BCV-16-102449 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Other petition *(not specified above)* (43) |

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/14/2016
Peter R. Dion-Kindem
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF KERN**
**BAKERSFIELD COURT**
**1415 TRUXTUN AVENUE**
**BAKERSFIELD CA 93301**

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

OCTOBER 18, 2016

TERRY MCNALLY, CLERK
BY *Raquel Sanchez*, DEPUTY

**PLAINTIFF/PETITIONER:**
**JOSE GONZALEZ**
**DEFENDANT/RESPONDENT:**
**CORRECTIONS CORPORATION OF AMERICA, A MARYLAND**
**CORPORATION**

**NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**
**NOTICE OF ORDER TO SHOW CAUSE RE CRC 3.110 AND**
**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:

BCV-16-102449

By order of the presiding judge, the above entitled case is assigned to the Honorable Sidney P. Chapin for all purposes. It will be managed on the direct calendar program in Bakersfield Department 4 until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **SPC** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **January 31, 2017** in **Bakersfield Department 4** at **8:00 AM** in the above entitled court to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110. All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Sidney P. Chapin on **April 17, 2017** at **08:00 AM** in **Bakersfield Department 4** of the above entitled court. Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730. All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

**NOTICE TO PLAINTIFF'S COUNSEL**
**IMPORTANT:** You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, Civil Mediation Information Brochure, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).

**NOTICE TO CROSS COMPLAINANT'S COUNSEL**
**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

Date: October 18, 2016

**TERRY MCNALLY**
CLERK OF THE SUPERIOR COURT

By: _____*Raquel Sanchez*_____
Raquel Sanchez, Deputy Clerk

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Sidney P. Chapin as monitoring judge.

Judge Sidney P. Chapin has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Department 4. This will involve all cases in which the clerk has assigned the initials SPC to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Judge Sidney P. Chapin expects that all law and motion hearings to be heard by him/her be set within five (5) days of the earliest date that they may be heard, given mail notice of hearing. **Law and motion matters must be reserved by going to the website address http://kerncourtlink.com for the Kern Courtlink Online Reservation System. The website is available at any time. You may calendar motions as scheduled below. Ex-parte matters require pre-clearance.**

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Sidney P. Chapin. However, those cases that do not settle will be set for trial before him/her.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge Sidney P. Chapin or to pre-clear an ex-parte hearing, contact the Direct Calendaring Clerk at 661-868-5404. To check on tentative rulings from Judge Chapin, go to the court's website address "http//www.kern.courts.ca.gov/", after 4:00 pm, and click on tentative rulings. Judge Brumfield and Judge Lampe do **not** offer tentative rulings.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
### SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference report providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the report.

More than one party may join in the filing of a single report.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET



Kern County Superior Court encourages, and under certain circumstances, may require parties to try ADR before trial.  Courts have also found ADR to be beneficial when used early in the case process.  The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial.  Below is information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local arbitrator, mediator or neutral evaluator. You may find more information about these ADR processes at www.courts.ca.gov/programs/adr.

**Possible Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial depending on the type of ADR process used as well as the particular type of case involved.

Possible Advantages:  Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

Possible Disadvantages:  May add additional time and costs to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other legal protections may be limited or unavailable.

**Most Common Types of ADR**
Mediation:  A neutral person or "mediator" helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute.  The mediator does not decide the outcome, but helps the parties to do so.  Mediation is generally confidential and may be particularly useful where ongoing relationships are involved, such as between family members, neighbors, employers/employees or business partners.

Settlement Conferences:  A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement.  The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement.  Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

Neutral Evaluation:  The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute.  The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case.  Depending on the neutral evaluation process, and with the parties' consent, the neutral may then help the parties try to negotiate a settlement.  Neutral evaluation may be appropriate when the parties desire a neutral's opinion about how the case might be resolved at trial; and, if the primary dispute is about the amount of damages or technical issues, the parties would like a neutral expert to resolve those disputes.

Arbitration:  The parties present evidence and arguments to a neutral person or "arbitrator" who then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are generally more relaxed.  If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision.  With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial.  Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Local ADR Programs

The Superior Court, County of Kern offers two types of ADR:  Arbitration in cases in which the amount in controversy as to each plaintiff is $50,000 or less; and DRPA mediation services on the day of the hearing, settlement conference or trial.

**Arbitration:**  The Superior Court of California, County of Kern does use Arbitrators in civil cases where the amount in controversy as to each individual plaintiff is $50,000 or less.  The Court may order the parties to Arbitration or the parties may agree to Arbitration any time before the first case management conference statement is filed.
See Local Rule 3.14 at www.kern.courts.ca.gov/local_rules_of_court.

**Dispute Resolution Program Act (DRPA):**  The Superior Court of California, County of Kern also offers mediation services in small claims and unlawful detainer, civil harassment, family law and probate matters.  The Court has contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide these mediation services.  For more information about BBB Mediation Services contact **www.bbbmediation.org**.

## ADR Coordinator:

Although complaints about arbitrators and mediators are rare, the Superior Court of California, County of Kern does provide a complaint procedure in our Local Rules, Rule 3.14.7.  If you have a complaint or a concern with any of this Court's ADR programs, or simply have a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov or 661-868-5433.

## Resources:

**California Department of Consumer Affairs:  www.dca.ca.gov/consumer/mediation_guides**
**Judicial Branch California Courts – ADR: www.courts.ca.gov/selfhep-adr**
**ADR Stipulation Form: www.kern.courts.ca.gov/links/4/file**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | *FOR COURT USE ONLY* |
|---|---|---|
| NAME:                                  STATE BAR NO.: | | |
| FIRM NAME: | | |
| ADDRESS: | | |
| CITY:                          STATE:            ZIP CODE: | | |
| E-MAIL ADDRESS *(Optional)*:     TELEPHONE NO.: | | |
| ATTORNEY FOR *(Name)*:          FAX NO. *(Optional)*: | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER: |
|---|---|

1. Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

   a. ☐ Private Mediation.

   b. ☐ Neutral Evaluation.

   c. ☐ Binding Arbitration.

   d. ☐ Referee/Special Master.

   e. ☐ Settlement Conference with Private Neutral.

   f. ☐ Non-binding Judicial Arbitration pursuant to CCP§1141.10 et seq., and applicable Rules of Court.

   g. ☐ Discovery will remain open until 30 days before trial.

   h. ☐ Other: _____.

2. It is also stipulated that:

   a. _____ (name of individual neutral, not organization) has consented to and will serve as

   b. _____ (neutral function/process) and that the session will take place on

   c. on _____ (enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

**ADR STIPULATION AND ORDER FORM**

| PLAINTIFF:  DEFENDANT: | CASE NUMBER: |
|---|---|

3.  Date:

    a.  On behalf of Plaintiff/s

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

        ☐ Continued on *Attachment 3a* (form MC-025).

    b.  On behalf of Defendant/s

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

_____  
(TYPE OR PRINT NAME)

_____  
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

        ☐ Continued on *Attachment 3a* (form MC-025).

4.  ORDER:

    a.  ☐ The ADR process is to be completed by _____, 20___ .

    b.  ☐ The Case Management Conference currently set for _____, 20___ at ____ _____a.m./p.m. in Department ____:

        i.   ☐ Remains on calendar.

        ii.  ☐ Is hereby vacated.

    c.  ☐ Mediation Status Review.

    d.  ☐ Case Status Review re:_____.

    e.  ☐ Final Case Management Conference is set for _____, 20___ at _____a.m./p.m. in Department _____.

    f.  ☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of arbitrator.

**IT SO ORDERED.**

Date:_____

                            _____  
                              JUDICIAL OFFICER

**ADR STIPULATION AND ORDER FORM**

# EXHIBIT B

1   PAUL M. GLEASON (SBN: 155569)
    TOREY J. FAVAROTE (SBN: 198521)
2   GLEASON & FAVAROTE, LLP
    4014 Long Beach Blvd., Suite 300
3   Long Beach, California 90807
    Telephone: (213) 452-0510
4   Facsimile: (213) 452-0514
    Email: pgleason@gleasonfavarote.com
5   tfavarote@gleasonfavarote.com

6   Attorney for Defendant
    Corrections Corporation of America

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF KERN

11

12   JOSE GONZALEZ, an individual, on behalf )   Case No. BCV-16-102449
     of himself and all others similarly situated, )
13                                               )   DEFENDANT CORRECTIONS
                    Plaintiff,                   )   CORPORATION OF AMERICA'S
14                                               )   ANSWER TO PLAINTIFF'S
           v.                                    )   COMPLAINT
15                                               )
     CORRECTIONS CORPORATION OF                  )
16   AMERICA, a Maryland corporation, and        )
     DOES 1 through 10, inclusive,               )
17                                               )
                    Defendants.                  )
18                                               )
                                                 )
19

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

───────────────────────────────────────────────
DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S
COMPLAINT

1    Defendant Corrections Corporation of America (hereinafter "Defendant" or

2  "CCA"), hereby submits this Answer to the unverified Complaint of Plaintiff Jose Gonzalez, and

3  answer as follows:

### GENERAL DENIAL

5    Pursuant to section 431.30 (d) of the California Code of Civil Procedure, Defendant

6  denies, generally and specifically, each and every allegation in Plaintiff Jose Gonzalez's unverified

7  Complaint, and further denies that Plaintiff and/or any other current or former "other employee"

8  whom Plaintiff purports to represent have been damaged or injured in the amount or manner

9  alleged, or in any manner whatsoever, or that Plaintiff or any current or former "other employee" is

10 entitled to civil penalties by reason of any act or omission on the part of Defendant or any of their

11 officers, directors, employees or agents.

12    Additionally, Defendant asserts the following separate and independent

13  affirmative defenses, and pray for judgment as set forth below:

### FIRST AFFIRMATIVE DEFENSE

#### Failure to State a Cause of Action

16    1.    The Complaint and each cause of action set forth therein, on behalf of

17 Plaintiff and on behalf of the other employees he purports to represent, fails to state facts sufficient

18 to constitute a cause of action upon which relief can be granted against the Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### Unclean Hands

21    2.    The Complaint and each cause of action set forth therein, on behalf of

22 Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part

23 by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

#### Statute of Limitations

26    3.    Plaintiff's Complaint, and each cause of action therein, on behalf of Plaintiff

27 and on behalf of the other employees he purports to represent, is barred in whole or in party by the

28 applicable statute of limitations, including but not limited to California Labor Code Section 203,

1.

226, and/or California Civil Code Sections 338 and 340.

## FOURTH AFFIRMATIVE DEFENSE

### Failure to Mitigate

4.      Plaintiff and/or the other employees he purports to represent have failed to exercise reasonable diligence to mitigate his or her harm and damages (if any, which expressly denied by Defendant and, therefore, each is barred from recovering any damages or penalties and/or any damages or penalties should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

### Estoppel

5.      The Complaint and each cause of action set forth therein, on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### Waiver, Discharge or Abandonment

6.      The Complaint and each cause of action set forth therein, on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part to the extent such claims have been waived, discharged or abandoned.

## SEVENTH AFFIRMATIVE DEFENSE

### Latches

7.      The Complaint and each cause of action set forth therein, on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part, by the doctrine of latches.

## EIGHTH AFFIRMATIVE DEFENSE

### Uncertainty

8.      Plaintiff and the other employees he purports to represent have failed to meet their burden inasmuch as the Complaint is barred in whole or in part because it cannot be ascertained from the Complaint the basis of any of the allegations stated therein, including but not limited to the representative allegations asserted by Plaintiff.

2.

## NINTH AFFIRMATIVE DEFENSE

### No Damages or Injury

9. Plaintiff and the other employees he purports to represent have failed to meet their burden inasmuch as the Complaint is barred in whole or in part because neither Plaintiff nor the other employees has or have suffered any damage or injury by any acts, events or occurrences alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### Standing

10. The Complaint and each cause of action set forth therein, individually on behalf of Plaintiff and on behalf of the other employees he seeks to represent, is barred, in whole or in part, because Plaintiff lacks standing.

## ELEVENTH AFFIRMATIVE DEFENSE

### Wages Paid

11. To the extent that Plaintiff and/or any of the other employees he seeks to represent have been paid the alleged wages referenced in the Complaint, the Complaint, and each cause of action therein on behalf of Plaintiff or the other employees, is barred.

## TWELFTH AFFIRMATIVE DEFENSE

### Consent

12. The Complaint, and each cause of action set forth therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part, is because Plaintiff and some or all of the other employees he purports to represent, consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Mistake

13. The Complaint, and each cause of action therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part based on Defendant's good faith mistake of fact.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**No Willfulness**

14.     The Complaint, and each cause of action therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred in whole or in part because Defendant's conduct was not willful.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Reasonable Conduct**

15.     The Complaint, and each cause of action therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part, because Defendant's engaged in reasonable conduct under the circumstances and under their pay obligations under California wage and hour law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Meal Periods Authorized**

16.     The Complaint, and each purported cause of action claiming meal period violations therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part, because at all relevant times Defendant's authorized and permitted and never impeded the taking of statutory meal periods by Plaintiff and/or the other employees he purports to represent; and/or Plaintiff and the other employees he purports to represent did take meal periods or freely and voluntarily chose to forego or waive a timely meal period.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**Rest Periods Authorized**

17.     The Complaint, and each purported cause of action claiming rest period violations therein, individually on behalf of Plaintiff and on behalf of the other employees he purports to represent, is barred, in whole or in part, because at all relevant times Defendant's authorized and permitted and never impeded the taking of rest periods by Plaintiff and/or the employees he purports to represent; and/or Plaintiff and the other employees he purports to represent did take rest periods or voluntarily and freely chose to forego or waive their rest period.

4.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Representative Action Inappropriate

18. The Complaint, and each cause of action therein, is barred on behalf of the other employees Plaintiff seeks to represent because California law does not permit representative actions where liability can only be determined through fact-intensive, individualized assessments of alleged wage and hour violations.

## NINETEENTH AFFIRMATIVE DEFENSE

### Good Faith and Reasonable Belief

19. The Complaint, on behalf of Plaintiff and all other employees he seeks to represent, is barred in whole or in part because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that they had complied fully with California wage and hour laws and have a good faith legal defense to all claims.

## TWENTIETH AFFIRMATIVE DEFENSE

### Good Faith Dispute

20. Defendant denies that they owe any amounts to Plaintiff or the other employees he purports to represent; but if it should be determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Satisfaction and Accord

21. Plaintiffs Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Novation

22. The Complaint, and each cause of action therein, is barred, in whole or in part, based on one or more novations.

///

///

DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2

**Reservation of Rights to Assert Additional Defenses**

3    23.  Answering Defendant reserves their right to assert additional affirmative

4 defenses in the event discovery, legal proceedings or new statutory or decisional law arises during

5 the pendency of this action.

6

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

7

**Putative Members Not Similarly Situated and Action is Unmanageable**

8    24.  Plaintiff cannot maintain a representative or class action because the putative

9 class members are not similarly situated nor is this case manageable.

10

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

11

**Portal to Portal Act/FLSA/ERISA Preemption**

12    25.  Plaintiff's state law claims are preempted by federal law including the Portal

13 to Portal Act, the Fair Labor Standards Act, and/or the Employee Retirement Income Security Act

14 of 1974.

15

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

16

**Attorneys' Fees**

17    26.  The Complaint, and each and every purported claim for relief alleged

18 therein, fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

19

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

20

**De Minimis**

21    27.  Assuming *arguendo*, Plaintiff and any other current/former employee

22 Plaintiff seeks to represent were not compensated for all hours worked, Plaintiff and other

23 current/former employees Plaintiff seeks to represent are not entitled to any relief because it was *de*

24 *minimis* and therefore, not compensable.

25 ///

26 ///

27 ///

28 ///

6.

1       WHEREFORE, Defendant prays as follows:

2       1.    That Plaintiff takes nothing by their complaint;

3       2.    For judgment in favor of Defendant and against Plaintiff;

4       3.    For all expenses, including reasonable attorneys' fees;

5       4.    For all cost of suit; and

6       5.    For such other and further relief as the Court may deem just and proper.

7  DATED: December 15, 2016       PAUL M. GLEASON

8       TOREY J. FAVAROTE
       GLEASON & FAVAROTE, LLP

10       By _____
             Paul M. Gleason

12       Attorneys for Defendant Corrections
       Corporation of America

7.

PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, California 90807.

On December 15, 2016, I served a copy(ies) of the following document(s):

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Peter R. Dion-Kindem<br>THE DION-KINDEM LAW FIRM<br>21550 Oxnard Street, Suite 900<br>Woodland Hills, California 91367<br>Telephone: (818) 883-4900<br>Facsimile: (818) 883-4902<br>Email: peter@dion-kindemlaw.com | Counsel for Jose Gonzalez, Individually and on behalf of other members of the general public similarly situated | U.S. Mail |
| Lonnie C. Blanchard, III<br>THE BLANCHARD LAW GROUP, APC<br>3311 East Pico Blvd.<br>Los Angeles, California 90023<br>Telephone: (213) 599-8255<br>Fax: (213) 402-3949<br><br>Email: lonnieblanchard@gmail.com | Counsel for Jose Gonzalez, Individually and on behalf of other members of the general public similarly situated | U.S. Mail |
| Jeff Holmes<br>HOLMES LAW GROUP, APC<br>3311 East Pico Blvd.<br>Los Angeles, California 90023<br>Telephone: (310) 396-9045<br>Fax: (970) 497-4922<br>Email: jeffholmesjh@gmail.com | Counsel for Jose Gonzalez, Individually and on behalf of other members of the general public similarly situated | U.S. Mail |

☒ (BY MAIL) I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Gleason & Favarote, LLP. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is

1.

1    deposited with the United States Postal Service the same day as it is placed for
2    collection.

3        I declare under penalty of perjury under the laws of the State of California that the

4    above is true and correct, and that this declaration was executed on December 15, 2016 at Long

5    Beach, California.

6                                        _____
                                              Thomas Steinhart
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT CORRECTIONS CORPORATION OF AMERICA'S ANSWER TO PLAINTIFF'S
COMPLAINT**

PROOF OF SERVICE

I, Linda Gardea, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, California 90807.

On December 19, 2016, I served a copy(ies) of the following document(s):

**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**

**PURSUANT TO 28 U.S.C. SECTIONS 1332(D), 1441 AND 1446**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Peter R. Dion-Kindem THE DION-KINDEM LAW FIRM 21550 Oxnard Street, Suite 900 Woodland Hills, California 91367 Telephone: (818) 883-4900 Facsimile: (818) 883-4902 Email: peter@dion-kindemlaw.com | Counsel for Jose Gonzalez, Individually and on behalf of other members of the general public similarly situated | ECF/CM System and US Mail |
| Lonnie C. Blanchard, III THE BLANCHARD LAW GROUP, APC 3311 East Pico Blvd. Los Angeles, California 90023 Telephone: (213) 599-8255 Fax: (213) 402-3949 Email: lonnieblanchard@gmail.com | Counsel for Jose Gonzalez, Individually and on behalf of other members of the general public similarly situated | ECF/CM System and US Mail |

1.

**PROOF OF SERVICE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeff Holmes
HOLMES LAW GROUP, APC
3311 East Pico Blvd.
Los Angeles, California 90023
Telephone:  (310) 396-9045
Fax: (970) 497-4922
Email:  jeffholmesjh@gmail.com

Counsel for Jose
Gonzalez, Individually
and on behalf of other
members of the general
public similarly situated

US Mail

☒  (BY MAIL)  I placed the sealed envelope(s) for collection and mailing by following the ordinary business practices of Gleason & Favarote, LLP, Long Beach, California.  I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐  (BY CM/ECF SYSTEM)  I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on December 19, 2016 at Long Beach, California.

_____
Linda Gardea

2.
**PROOF OF SERVICE**