# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br>Defendant. | Case No.: 1:16-cv-01891 DAD JLT<br><br>ORDER AFTER MID-DISCOVERY STATUS CONFERENCE |

On August 7, 2017, the Court held the mid-discovery status conference. Counsel discussed the current discovery dispute related to the defendant's production of electronically stored data.[1] See Doc. 21 at 3, 4. In response to a production request, the defendants produced thousands of pages "in a searchable PDF format." The plaintiff contends the defendant should have to produce the data in a spreadsheet format to ease the review of the information. The defendant contends that because the production request failed to specify the requested format, its production was proper. Indeed, at the hearing, it appeared to the Court that the plaintiff failed to specify the electronic format desired.

On the other hand, Fed.R.Civ.P. 34(b)(2)(E)(ii) requires, "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which

---

[1] In light of the defendant's agreement to stipulate that the numerosity and typicality elements are met in the upcoming motion for class certification, the other dispute, related to whether the defendant should produce the "on-duty meal period agreement" forms for every putative class member is resolved for now and the defendant need not produce these records at this time.

1

it is ordinarily maintained or in a reasonably usable form or forms." The defendant admits that the data is held in a database program and that to respond to the production request a clerk reviewed each personnel record and printed it to PDF. With the scant information provided to the Court[2], it appears that the PDF format is not how the data is usually kept and it does not appear that this format is reasonably usable. See <u>White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.</u>, 586 F.Supp.2d 1250, 1263 (D. Kan. 2008) ["The advisory committee notes to the 2006 amendments to Rule 34 provide that the producing party's 'option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. [Footnote] The committee notes further provide that "[i]f the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."] Thus, the Court **ORDERS**:

1. Counsel **SHALL** continue meet and confer efforts while keeping in mind the requirements of Rule 34 and **SHALL** complete these efforts no later than August 18, 2017. In the event these efforts do not resolve the dispute, no later than August 21, 2017, plaintiff's counsel **SHALL** seek an informal telephonic conference with the Court as set forth in the scheduling order (Doc. 15 at 3).

IT IS SO ORDERED.

    Dated: __**August 7, 2017**__            __**/s/ Jennifer L. Thurston**__
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] The Court does not mean to suggest that it has a full grasp of the facts at this time or to suggest that, in the event that counsel cannot resolve this issue in the meet and confer process, how it would rule ultimately on a motion to compel. Rather, based upon the little information it has gleaned, it appears that counsel for both sides may not have strictly complied with the requirements of Rule 34, but whether this is the case is a determination that is left for another day.