UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC and CORECIVIC, INC.,<br><br>Defendants. | No. 16-cv-01891-DAD-JLT<br><br>ORDER DENYING MOTION TO INTERVENE<br><br>(Doc. No. 39) |

This matter comes before the court on a motion to intervene filed on June 12, 2018, by non-party Jose Gonzales.[1] (Doc. No. 39.) Defendants filed an opposition to the motion on July 3, 2018, which plaintiff joined. (Doc. Nos. 42, 43.) A hearing on the motion was held on July 17, 2018. Attorneys Peter Dion-Kindem and Lonnie Blanchard appeared on behalf of plaintiff, attorney Paul Gleason appeared on behalf of defendants, and attorneys William Sullivan and Eric Yaeckel appeared on behalf of the proposed intervenor. For the reasons explained below, the court will deny the motion to intervene.

/////

/////

---

[1] To avoid confusion, due to plaintiff's name, the moving party will be referred to as the "proposed intervenor" in this order.

1

**BACKGROUND**

This is a wage-and-hour class action filed on behalf of various prisons guards and correctional staff at several private correctional facilities owned by defendants. Plaintiff claims class members were not permitted to clock in until after they had undergone security screening and were therefore not compensated for all of their hours worked. Plaintiff also claims class members were regularly denied meal and rest breaks.

On April 13, 2018, plaintiff filed a motion for preliminary approval of a class action settlement. (Doc. No. 30.) The court requested additional briefing on the matter by minute order issued on May 16, 2018. (Doc. No. 34.) The supplemental briefing was timely submitted on June 15, 2018 (Doc. No. 40), at which point the motion for preliminary approval of the settlement was taken under submission. The motion for preliminary approval remains pending decision.

In his motion, the proposed intervenor asserts that he may intervene in this matter as of right, because he—and only he—may pursue claims against the defendants for violation of California's Private Attorneys General Act ("PAGA") relating to the alleged labor law violations. (Doc. No. 39-1 at 2–5.) The proposed intervenor filed a suit alleging PAGA claims against defendants, on the same basis alleged by plaintiff in this action, on July 25, 2016 in San Diego County Superior Court. (*Id.* at 3, 5.) The proposed intervenor claims that the plaintiff in this suit lacks standing to bring or settle PAGA claims, because the operative complaint before this court did not allege such claims. (*Id.* at 3.) Additionally, the proposed intervenor asserts that Thomas Richards, a plaintiff in a parallel suit that plaintiff has proposed be jointly settled and which *does* allege PAGA claims, also lacks standing to settle those PAGA claims, because the proposed intervenor's suit was filed first. (*Id.* at 7–10.) The proposed intervenor also objects to the inclusion of any PAGA claims in the settlement of this action.[2] (*Id.* at 6–12.)

---

[2] All of the proposed intervenor's arguments and objections about the propriety of including PAGA claims in this case are considered only to the extent they inform whether the proposed intervenor may intervene as a matter of right. The court has not yet granted preliminary approval to the settlement, and therefore has not approved any settlement containing PAGA claims. It is not yet time for prospective class members to object to that settlement. The proposed intervenor will have that opportunity if and when the settlement is preliminarily approved and class notice is distributed to the prospective class members. *See Cody v. SoulCycle, Inc.*, No. CV 15–06457–

The parties in this action argue that the proposed intervenor has no right to intervene, both because he has no protectable interests and because any interests he may have are adequately represented. (Doc. No. 42.)

**LEGAL STANDARD**

Intervention as a matter of right is governed by Federal Rule of Civil Procedure 24(a), which provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party seeking to intervene as a matter of right must satisfy four requirements: (1) the applicant has a significant protectable interest relating to the transaction that is the subject of the suit; (2) the disposition of the action may impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). Courts generally construe the rule broadly in favor of proposed intervenors. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *City of Los Angeles*, 288 F.3d at 397; *United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988). A liberal interpretation of the rule "serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues

/////
/////
/////
/////
/////

---

MWF (JEMx), 2017 WL 8811114, at *2 (C.D. Cal. Sept. 20, 2017) (noting that, when a non-party seeks to intervene solely for the purposes of objecting to the settlement agreement and not to actively participate in the litigation, "such objections are properly addressed through the regular objection process during final settlement approval, not through intervention").

. . ." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citations omitted).[3]

**ANALYSIS**

Here, the proposed intervenor seeks to intervene in this lawsuit because he asserts that he and only he has a right to pursue PAGA claims against the defendants here. (Doc. No. 39-1 at 5–7.) None of the authority cited by the proposed intervenor supports this contention.

In determining whether a non-party may intervene as a matter of right, "the pivotal issue is whether the disposition of [the current] action, as a practical matter, may impair or impede the intervenors' ability to protect their interests." *Oregon*, 839 F.2d at 638. Here, the proposed intervenor argues that his interests are affected because the proposed settlement will extinguish all his claims, including his PAGA claims. (Doc. No. 39-1 at 5.) This is obviously true, but goes only so far. While a lawsuit might "*affect* the proposed intervenors' interests, their interests might not be *impaired* if they have 'other means' to protect them." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)). Notably, the Ninth Circuit has held that a non-party's interests are not impaired if the court "has established other means by which [the proposed intervenor] may protect its interests." *Alisal Water Corp.*, 370 F.3d at 921.

The mere fact that administrative procedures are available under a class action settlement does not necessarily dictate that all class members' interests are adequately protected, depending on the nature of the action and the interests involved. *See Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 862–64 (9th Cir. 2016) (concluding the proposed intervenor's interests were not adequately protected even though the settlement, which provided for injunctive relief, contained an administrative process to challenge children's school placement). However, numerous district courts have concluded that the ability to file objections and opt out of a class settlement, as

---

[3] Rule 24 also allows permissive intervention. *See* Fed. R. Civ. P. 24(b)(2) (noting a court may permit a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact"); *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (identifying requirements for permissive intervention). The proposed intervenor in this case does not seek permissive intervention.

4

dictated by Rule 23, are sufficient to protect the interests of class members in a typical case seeking damages. *See Cody v. SoulCycle, Inc.*, No. CV 15–06457–MWF (JEMx), 2017 WL 8811114, at *3–4 (C.D. Cal. Sept. 20, 2017) (noting that "[m]any district courts have similarly denied intervention where putative class members can adequately protect their interests via the Rule 23 mechanisms") (collecting cases); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2016 WL 4400737, at *1 (N.D. Cal. Aug. 18, 2016) (collecting cases); *Embry v. Acer Am. Corp.*, No. C 09-01808 JW, 2012 WL 13059908, *2 (N.D. Cal. Jan. 27, 2012) ("[I]n the context of class actions, courts generally find that an objector to a proposed settlement who is free to opt out of the class or voice objections at the final fairness hearing is adequately represented and not entitled to intervene."); *Lane v. Facebook, Inc.*, No. C 08–3845 RS, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) ("Proposed Intervenors, however, have failed to establish that their rights to raise these issues are not adequately protected through the process for submitting objections that will follow upon preliminary approval of the settlement agreement."); *cf. Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (noting that a motion to intervene was untimely, particularly considering that "Objectors' concerns could largely be addressed through the normal objection process").

In his briefing submitted in support of his motion, the proposed intervenor has not identified any reason that the Rule 23 procedures are insufficient to protect his interests in the litigation. At oral argument on the motion, counsel for the proposed intervenor asserted that, pursuant to the holding of the California Supreme Court in *Hernandez v. Restoration Hardware, Inc.*, 4 Cal. 5th 260 (2018), the proposed intervenor would lose any right to appeal if he is not permitted to intervene. The undersigned disagrees. In *Hernandez* the California Supreme Court held that unnamed class members who have not intervened may not appeal under California Code of Civil Procedure § 902. 4 Cal. 5th at 263. However, any appeals from this Rule 23 class action must be governed by federal law, not state procedural statutes. *See Liberal v. Estrada*, 632 F.3d 1064, 1074–75 (9th Cir. 2011) (agreeing with other circuits that had held that, "[u]nder *Erie* . . ., federal procedure governs the appealability of an order"). It is clear that unnamed class members in a Rule 23 class action may appeal without first intervening. *See Devlin v. Scardelletti*, 536

U.S. 1, 14 (2002) ("We hold that nonnamed class members like petitioner who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening."); *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 572–73 (9th Cir. 2004) (extending *Devlin* to encompass Rule 23(b)(3) class actions).

More generally, the thrust of the proposed intervenor's argument is that none of these procedures will protect his interests because he—and only he—has the right to bring a PAGA action concerning these claims against these defendants. (*See* Doc. No. 39-1 at 5) (noting the parties to this lawsuit "seek to destroy (i.e. nullify) any interest [the proposed intervenor] currently (and *solely*) possesses against Defendant"); *id.* at 7 (asserting the proposed intervenor "as the first filed, controls the PAGA claim")). The proposition that the proposed intervenor has a proprietary interest in bringing these PAGA claims that is exclusive of any other such suits is unsupported in the law. The proposed intervenor points the court to three different cases to establish that only one suit alleging a PAGA cause of action may proceed at a time: (1) *Brown v. Ralphs Grocery Co.*, 197 Cal. App. 4th 489 (2011); (2) *Dubee v. P.F. Chang's China Bistro, Inc.*, No. C 10–01937 WHA, 2010 WL 3323808, at *1 (N.D. Cal. Aug. 23, 2010);[4] and (3) *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

In *Brown*, the California Court of Appeals, while explaining that mandatory arbitration clauses and class action waivers are unconscionable and therefore unenforceable to the extent they impede PAGA, stated that PAGA "prohibits an employee action when the [Labor and Workforce Development Agency ("LWDA")] *or someone else* is directly pursuing enforcement against the employer 'on the same facts and theories' under the same 'section(s) of the Labor Code.'" 197 Cal. App. 4th at 501 (emphasis added) (citing Labor Code § 2699(h)). The proposed intervenor points to the language "or someone else" in the court's opinion as indicating that California's PAGA statute contains a "first filed" rule, and that so long as one action is

---

[4] Proposed intervenor actually cites to a decision in "*Alltrade, Inc. v. United Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)" in support of this proposition. (*See* Doc. No. 39-1 at 7.) The text quoted in intervenor's brief, however, does not appear in that case. Instead, the quoted language is taken from the decision in *Dubee*, which itself cites *Alltrade, Inc.*—the actual case name for which is *Alltrade, Inc. v. Uniweld Products, Inc.*

6

proceeding on PAGA claims, no other PAGA claims based on the same facts or legal theories may be alleged in other suits. However, reviewing the Labor Code section cited reveals that the phrase "or someone else" used in this context actually means a specific list of agents of the LWDA. *See* Cal. Labor Code § 2699(h) ("No action may be brought under this section by an aggrieved employee if the agency *or any of its departments, divisions, commissions, boards, agencies, or employees*, on the same facts and theories, cites a person . . . for a violation of the same section or sections of the Labor Code under which the aggrieved employee is attempting to recover a civil penalty.") (emphasis added). In other words, if the LWDA or some entity under its control has already cited a person, no PAGA claim may be brought against them. The decision in *Brown* provides no support for the proposed intervenor's purported "first filed" rule.

The other two cases cited by the proposed intervenor concern the *Colorado River* doctrine and have no application to this case. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), the Supreme Court held that certain prudential principles related to the conservation of judicial resources may permit federal courts to decline to exercise concurrent jurisdiction over a dispute that is already pending in another court. 424 U.S. at 817–20. However, this doctrine is narrow and discretionary, and a federal court may only refuse to exercise its jurisdiction in exceptional circumstances. *See R.R. Street & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 973 (9th Cir. 2011) (describing a federal court's discretion under the *Colorado River* doctrine as exercisable only within "narrow and specific limits"); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("[T]he *Colorado River* doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'") (quoting *Colorado River*, 424 U.S. at 817). Here, the proposed intervenor does not seek to have this court stay[5] this action pursuant to *Colorado River* to allow his state court lawsuit to proceed. Even if he had, this court would conclude he has not demonstrated the existence of such exceptional circumstances to warrant this court refusing to exercise its jurisdiction. The

---

[5] While the language of *Colorado River* initially suggested that a federal court could dismiss a suit under the doctrine, the Ninth Circuit has since clarified that the district court should stay, not dismiss, an action when it finds the doctrine applicable. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243–44 (9th Cir. 1989).

7

*Colorado River* doctrine is inapplicable to this case and provides no support for the proposed intervenor's "first-to-file" argument under California's PAGA statute.

The California Supreme Court has noted that a PAGA suit is "a type of *qui tam* action." *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 382 (2014). Other types of *qui tam* actions, such as the federal False Claims Act ("FCA"), are subject to a "first-to-file" limitation. *See Kellogg Brown & Root Servs., Inc. v. U.S. ex rel. Carter*, __ U.S. __, ___, 135 S. Ct. 1970, 1973–74 (2015); *Campbell v. Redding Med. Ctr.*, 421 F.3d 817, 821 (9th Cir. 2005). However, the limitation in those contexts is imposed by statute. *See* 31 U.S.C. § 3730(b)(5) ("When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."); *id.* § 3730(c)(3) ("If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action."). The proposed intervenor has not pointed to any provision of California's PAGA statute that confers a similar right, nor has the court located any. Indeed, at least one other court has explicitly rejected the argument that there is a first-to-file rule under PAGA. *See Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1011–13 (N.D. Cal. 2016) ("Defendants do not cite a single case in which the court held that two PAGA representatives cannot pursue the same PAGA claims at the same time. The Court declines to be the first to so hold."). In short, the court is unpersuaded that California's PAGA statute contains a first-to-file rule.[6]

## CONCLUSION

The proposed intervenor has no right to intervene in this lawsuit. To the extent the motion to intervene registers objections to the proposed settlement of this action, the objections are premature as no settlement has yet been preliminarily approved. If this court preliminarily

---

[6] This conclusion finds additional support in Ninth Circuit precedent. In discussing the ability to aggregate PAGA claims in order to meet the amount in controversy threshold for diversity purposes, the Ninth Circuit observed: "[A] PAGA plaintiff stands in a position comparable to a plaintiff in a shareholder derivative suit, who likewise *lacks a direct proprietary interest* in the subject of the litigation and sues as a proxy for the injured corporation." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1124 (9th Cir. 2013) (emphasis added). The absence of a proprietary interest in the litigation weighs against allowing a PAGA plaintiff to litigate her action to the exclusion of those brought by other aggrieved employees.

approves the parties' settlement, notice will be sent to all class members, who will have an opportunity to both object to and opt-out of the settlement.

For the reasons given above, the motion to intervene (Doc. No. 39) is denied.

IT IS SO ORDERED.

Dated: **July 31, 2018**

UNITED STATES DISTRICT JUDGE