UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, individually and on behalf of all similarly situated people,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC; and CORECIVIC, INC.,<br><br>Defendants. | Lead Case No. 1:16-cv-01891-DAD-JLT<br><br>Member Case No. 1:17-cv-01094-DAD-JLT<br><br><u>ORDER DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING</u><br><br>(Doc. No. 59) |
| THOMAS RICHARDS, individually and on behalf of all similarly situated people,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>Defendant. | |

In connection with plaintiffs' motion for preliminary approval of the proposed class action settlement (Doc. No. 59) which came for hearing before the court on August 6, 2019, the parties are directed to file supplemental briefing addressing the following issues:

1. Whether the court correctly interprets proposed Subclass 1 to be the overarching class and Subclasses 2 and 3 to be constituent classes of Subclass 1, such that the

parties estimate that there is a total of 1,070 class members represented in this action;[1]

 2. The adequacy of attorney Adrian R. Bacon's representation as class counsel, including: 1) his years of experience as a litigator, 2) the cases that he—and not just his firm—actively litigated, 3) whether he has any conflicts of interest with the proposed classes or class members; and 4) what work he performed in the course of litigating this action;

 3. The impact of a recent California Supreme Court decision on the valuation of plaintiffs' claims and the settlement amount offered, *see Frlekin v. Apple Inc.*, No. S243805, 2020 WL 727813 (Cal. Feb. 13, 2020) (holding that time employees spent waiting for and undergoing mandatory exit searches was employer-controlled activity and therefore compensable as "hours worked" under California Code of Regulations tit. 8, § 11070);

/////

/////

---

[1] Subclass 1 has approximately 1,070 members and is defined as:

> **Subclass 1 – Non-compliant Meal and Rest Break Claims Class**: All non-exempt employees of Defendant in California during the Class Period.

Subclass 2 has approximately 201 members and is defined as:

> **Subclass 2 – On Duty Meal Period Agreement Class**: All non-exempt employees of Defendant in California during the Class Period who worked at the California City Correctional Facility in the position of Detention Officer, Senior Detention Officer or Assistant Shift Supervisor who executed an On-Duty Meal Period Agreement.

Subclass 3 has approximately 686 members and is defined as:

> **Subclass 3 – Off-the-Clock Security Measures Claims Class**: All non-exempt employees of Defendant in California during the Class Period who worked at the California City Correctional Facility, San Diego Detention Center and/or the Otay Mesa Detention Center.

(Doc. No. 59 at 10–11.)

2

| | | |
|---|---|---|
| 1 | 4. | The methodology plaintiffs used to reach the proposed settlement amount ($3,200,000 or a recovery rate of approximately 19%), given the total, undiscounted value of plaintiffs' claims ($17,077,966); |
| 4 | 5. | The reasonableness of an award of attorneys' fees in an amount up to 33% of the Gross Settlement Fund in light of the circumstances of this case (which include a settlement reached at an early stage of the litigation without significant motion practice and a clear sailing provision of the proposed settlement pursuant to which defendants agree not to oppose the requested fee award) and the results obtained; |
| 9 | 6. | An estimate of plaintiff's anticipated attorneys' fees if calculated under the lodestar method and assurance that documentation will be submitted with the motion for final approval allowing the court to conduct a lodestar cross-check at that time; |
| 13 | 7. | The reasonable of incentive payments of up to $15,000 to named plaintiff Gonzalez and $10,000 to named plaintiff Richards under the circumstances of this case (including the provision of the settlement agreement pursuant to which defendants will not oppose the requested incentive awards in exchange for a general release of all claims by the named plaintiffs) and in light of what appears to be their relatively modest efforts in representing the class; and |
| 19 | 8. | The amount allocated for Settlement Administration Costs (*compare* Doc. No. 59-1 at 12 (stating that settlement administration costs will not exceed $17,500), *with* Doc. No. 59-1 at 8, 29, 55 (stating that the parties received a "not to exceed" bid of $17,175 and that the maximum settlement administration cost will not exceed $17,175), *with* Doc. No. 59-1 at 29 (stating that the maximum payout to the settlement administrator is $13,000)). |

/////
/////
/////
/////

1 | The parties shall file a brief responsive to these issues within ten (10) days from the
2 | date of this order.
3 | IT IS SO ORDERED.

Dated: **March 3, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE