PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:   (818) 883-4900
Email:       peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
5211 East Washington Blvd. # 2262
Commerce, CA 90040
Telephone:   (213) 599-8255
Fax:         (213) 402-3949
Email:       lonnieblanchard@gmail.com

Attorneys for Plaintiff Jose Gonzalez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Gonzalez, an individual, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>CoreCivic of Tennessee, LLC (formerly CCA of Tennessee, LLC), and Does 1 through 10, inclusive,<br>　　　Defendants. | **Case No. 1:16-cv-01891-DAD-JLT**<br>*(Assigned to the Hon. Dale A. Drozd)*<br><br>**Plaintiffs' Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**<br><br>**Date:**　September 28, 2020<br>**Time:**　1:30 p.m.<br>**Place:**　Courtroom 5 |
| Thomas Richards, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>　　　Defendants. | **Case No. 1:17-CV-01094-LJO-JLT**<br>**CLASS ACTION** |

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

**Table of Contents**

I. INTRODUCTION. ...................................................................................................................1
II. THIS SETTLEMENT WARRANTS FINAL APPROVAL. ................................................................1
    A. The settlement is fair, adequate, and reasonable. ......................................................1
        1. The strength of Plaintiffs' case ....................................................................2
        2. The risk, expense, complexity, and duration of further litigation................2
        3. The risk of maintaining class action status .................................................2
        4. The amount offered in settlement is reasonable given the realistic value of the claims considering the litigation risks......................................................2
        5. The discovery completed and the status of proceedings..............................3
        6. The experience and views of counsel ..........................................................3
        7. The reaction of the class members to the proposed settlement....................3
III. THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED. ..................................................................................................4
IV. THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS. .............................................4
    A. Notice Mailing ..........................................................................................................5
    B. Settlement Payments.................................................................................................6
    C. Requests for Exclusion and Objections ....................................................................7
V. CONCLUSION.......................................................................................................................7

## Table of Authorities

### Cases

*Churchill Village, L.L.C. v. General Electric* (9th Cir. 2004) 361 F.3d 566 ............................................. 4

*Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268 ................................................................ 1

*Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156 ................................................................................. 4

*Gribble v. Cool Transports Inc.* (C.D. Cal., Dec. 15, 2008, No. CV 06-04863 GAF SHX) 2008 WL 5281665 ..................................................................................................................................................... 3

*In re Heritage Bond Litigation* (9th Cir. 2008) 546 F.3d 667 ..................................................................... 1

*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373 .............................................. 3

*In re Portal Software, Inc. Securities Litigation* (N.D. Cal., Nov. 26, 2007, No. C-03-5138 VRW) 2007 WL 4171201 ................................................................................................................................................. 2

*In re Syncor ERISA Litigation* (9th Cir. 2008) 516 F.3d 1095 ................................................................... 1

*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234 ....................................................... 3

*Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173 ................................................................. 3

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523 2, 3

*Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948 ............................................................ 2

*Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001 ..................................................................................................................................................... 4

*Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826 ................................................................................................................................................................... 1

### Rules

Fed. R. Civ. Proc. 23 .............................................................................................................................. 1, 4

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

## I. INTRODUCTION.

Plaintiffs Jose Gonzalez and Thomas Richards ("Plaintiffs") seek final approval of this class action settlement with Defendant that provides tangible monetary relief to over 1,000 class members whose rights under California's labor laws were violated. Only four class members opted out of the settlement (Butler Decl. ¶ 16), and not a single class member objected to the settlement. (*Id.*, ¶ 17.)

The Court has already preliminarily approved the settlement and, as discussed below, should grant final approval of the settlement.

## II. THIS SETTLEMENT WARRANTS FINAL APPROVAL.

A proposed class action settlement can be "settled, voluntarily dismissed, or compromised only with the court's approval." (*See* Fed. R. Civ. Proc. 23(e).)  Thus, to approve this proposed class action settlement, this Court must conclude that the proposed settlement is "fair, adequate and reasonable," and is the product of arms-length and informed negotiations. (*See In re Heritage Bond Litigation* (9th Cir. 2008) 546 F.3d 667, 674.) According to the Ninth Circuit, "there is a strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." (*See In re Syncor ERISA Litigation* (9th Cir. 2008) 516 F.3d 1095, 1101 (citing *Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1276).)

### A. The settlement is fair, adequate, and reasonable.

In determining whether a proposed class action settlement is "fair, reasonable, and adequate," as required by Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court may consider some or all of the following factors: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant;[1]

---

[1] This factor is not addressed because there is no governmental participant. (*See, e.g., Wren v. RGIS Inventory Specialists* (N.D. Cal., Apr. 1, 2011, No. C-06-05778 JCS) 2011 WL 1230826, at *10, *supplemented* (N.D. Cal., May 13, 2011, No. C-06-05778 JCS) 2011 WL 1838562 ("Because there is no governmental entity involved in this litigation, the seventh factor is inapplicable").)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

1

and (8) the reaction of the class members to the proposed settlement.  (*See Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 963.)  Plaintiffs address each of these factors below.

### 1.  The strength of Plaintiffs' case

Although Plaintiffs steadfastly maintain that their claim is meritorious, Plaintiffs appreciate that Defendant's defenses to certification made certification potentially problematic. Despite Defendant's defenses, however, Plaintiffs secured a substantial recovery for the class through this settlement. This factor therefore supports final approval.  (*See* Dion-Kindem Decl., ¶ 4.) Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." (*National Rural Telecommunications Cooperative v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 526 (internal quotations omitted).)

### 2.  The risk, expense, complexity, and duration of further litigation

This settlement avoids the risk of non-recovery and the additional, accompanying expense associated with an appeal if the case was not certified. (*In re Portal Software, Inc. Securities Litigation* (N.D. Cal., Nov. 26, 2007, No. C-03-5138 VRW) 2007 WL 4171201, at *3 (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement").) Therefore, this factor supports final approval. (*See* Dion-Kindem Decl., ¶ 5.)

### 3.  The risk of maintaining class action status

While Plaintiff Gonzalez had filed a motion for class certification, Defendant had not filed opposition and would have strenuously opposed certification if the case had not settled. Thus, absent settlement, there was a risk that there would not be a certified class at the time of trial.  This factor also supports final approval. (*See* Dion-Kindem Decl., ¶ 6.)

### 4.  The amount offered in settlement is reasonable given the realistic value of the claims considering the litigation risks.

As this Court concluded in its preliminary approval order, the settlement agreement's terms fall within the range of reasonableness. As detailed in the motion for preliminary approval, this settlement provides a monetary recovery for the settlement classes in the face of vigorously disputed claims.

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

Given the litigation risks involved regarding the merits, Plaintiffs submit that this settlement is squarely within the realm of being fair, reasonable, and adequate. (*See* Dion-Kindem Decl., ¶ 7.) Indeed, "[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." (*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234, 1242 (internal quotations omitted).)

### 5. The discovery completed and the status of proceedings

Plaintiffs had conducted substantial discovery, including obtaining the production of substantial data and other documentation regarding Defendant's policies and practices. Only class certification and damages remained to be determined. Thus, this factor also supports final approval. (*See* Dion-Kindem Decl., ¶ 8.)

### 6. The experience and views of counsel

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." (*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373, 378.) Here, Plaintiffs are represented by competent, experienced, and aggressive class action counsel who pressed Plaintiffs' claims forward against a large corporate defendant which was represented by a well-qualified law firm. (*See* Dion-Kindem Decl., ¶ 9.) Consideration of this factor therefore strongly supports final approval. (*See, e.g.*, *Gribble v. Cool Transports Inc.* (C.D. Cal., Dec. 15, 2008, No. CV 06-04863 GAF SHX) 2008 WL 5281665, at *9 ("Great weight is accorded to the recommendation of counsel, who are most likely acquainted with the facts of the underlying litigation.").)

### 7. The reaction of the class members to the proposed settlement

A court may infer that a class action settlement is fair, adequate, and reasonable when few class members object. (*See Marshall v. Holiday Magic, Inc.* (9th Cir. 1977) 550 F.2d 1173, 1178.) "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." (*See National Rural Tele. Coop., supra*, 221 F.R.D. at 529.)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

Here, not a single class member filed an objection to the proposed settlement after notice was provided to members of the Settlement Class informing them about the terms of the proposed settlement, their estimated individual settlement payout and rights under the settlement, the amounts sought by Class Counsel in attorneys' fees and costs, and the amounts sought by the Class Representative as an enhancement award. (Butler Decl. ¶ 17.) Moreover, only four class members elected to opt-out of this settlement. (Butler Decl. ¶ 16.) Thus, this factor supports final settlement approval. (*See* Dion-Kindem Decl., ¶ 10.)

### III. THE CLASS CERTIFICATION ENTERED BY THE COURT IN ITS PRELIMINARY APPROVAL ORDER SHOULD BE MAINTAINED.

In its preliminary approval order, this Court preliminarily certified the settlement class for settlement purposes only. The Court found that the Settlement Class met the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy, and satisfied the Rule 23(b)(3) requirements of predominance and superiority. Because circumstances have not changed, and for the reasons set forth in Plaintiffs' motion for preliminary approval, Plaintiffs request that the Court finally certify the Settlement Class for settlement purposes under Rule 23(e). (*See Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001, at *8, *report and recommendation adopted* (E.D. Cal., June 28, 2012, No. 1:10-CV-616-AWI-SKO) 2012 WL 13040405 ("As initially determined in the Court's preliminary approval order and as set forth above, the Rule 23(a) requirements for class certification have been satisfied.").)

### IV. THE COURT-ORDERED NOTICE COMPORTS WITH DUE PROCESS.

Due process requires that notice be provided to class members by the best reasonable method available. (*See Eisen v. Carlisle and Jacquelin* (1974) 417 U.S. 156, 173 [94 S.Ct. 2140, 2150, 40 L.Ed.2d 732].) Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." (*See Churchill Village, L.L.C. v. General Electric* (9th Cir. 2004) 361 F.3d 566, 575.) Here, the parties engaged Simpluris, Inc., an experienced third-party settlement administrator, to mail the Class Notice

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

4

and related forms to settlement class members. (Butler Decl., ¶¶ 5-8.) The concurrently-filed declaration of Mary Butler details Simpluris' settlement administration efforts.

### A.     Notice Mailing

On or about March 27, 2020, Simpluris received the Court-approved Notice and Opt-Out Form in Word format from the Parties.  The Notice advised Class Members of their right to participate, opt out of the Settlement, object to the Settlement, or do nothing, and the implications of each such action. The Notice advised Class Members of applicable deadlines and other events, including the date of the Final Approval Hearing, and how Class Members could obtain additional information. (Butler Decl., ¶ 5.)

On April 27, 2020, Counsel for Defendant provided Simpluris with a data list containing the names, Social Security numbers, last known addresses, dates of employment, the name/title of the Covered Position(s) in which they were employed, the location(s) where they were employed, and the respective Gross Earnings during the Class Period for each Class Member ("Class List").  The Class List contained data for one thousand two hundred and three (1,203) individuals identified as Class Members.  (Butler Decl., ¶ 6.)

The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service ("USPS).  The NCOA contains changes of addresses filed with the U.S. Postal Service.  In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA was utilized in connection with the mailing of the Notices. (Butler Decl., ¶ 7.)

On May 12, 2020, after updating the mailing addresses through the NCOA, the Notice was mailed via First Class U.S. Mail to 1,203 individuals identified as Class Members in the Class List. (Butler Decl., ¶ 8.)

After the initial notice mailing, two individuals contacted Simpluris to request inclusion in the Settlement Class. Information regarding the self-identifying Class Members was forwarded to Defense Counsel for research to determine if they should be included in the Settlement Class. It was determined

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

that the two individuals should not be included because they did not meet the class criteria. (Butler Decl., ¶ 9.)

As of this date, one hundred twenty-one (121) Notice Packets were returned by the post office. For those without a forwarding address, Simpluris performed an advanced address search (i.e. skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. Simpluris used the Class Member's name, previous address and Social Security number to locate a more current address. One hundred twenty-eight (128) Notice Packets were re-mailed to either a new-found address, with forwarding addresses provided by the United States Postal Service or at the request of the Class Member. Ultimately, after additional searches, thirteen (13) Notice Packets were undeliverable because Simpluris was unable to find a better address. (Butler Decl., ¶ 10.)

### B.     Settlement Payments

There are 1,199 Participating Class Members who will be paid their portion of the Net Settlement Amount, estimated to be $2,052,333.00. The Net Settlement Amount available to pay Participating Class Members was determined as follows:

| | |
|---|---:|
| Gross Settlement Fund | $3,200,000.00 |
| Less Attorney's Fees | -$1,066,667.00 |
| Less Maximum Potential Litigation Costs | -$40,000.00 |
| Less Settlement Administration Expenses | -$16,000.00 |
| Less Maximum Potential Plaintiffs Service Awards | -$25,000.00 |
| NET SETTLEMENT FUND | $2,052,333.00 |

The estimated minimum Individual Settlement Payments of $25.00 total $764.43. (Butler Decl., ¶ 12.)

The Net Settlement fund for Subclass 1 is $1,250,225.89 with the highest estimated payment being $4,425.64 and the average estimated payment being $1,042.72. (Butler Decl., ¶ 13.)

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

The Net Settlement fund for Subclass 2 is $192,231.98 with the highest estimated payment being $1,141.98 and the average estimated payment being $160.33. (Butler Decl., ¶ 14.)

The Net Settlement fund for Subclass 3 is $609,110.71 with the highest estimated payment being $2,429.77 and the average estimated payment being $508.02. (Butler Decl., ¶ 15.)

### C. Requests for Exclusion and Objections

Simpluris has received four Requests for Exclusion from Class Members. (Butler Decl. ¶ 16.)

Simpluris has not received any Objections to the Settlement from Class Members. (Butler Decl. ¶ 17.)

## V. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court enter an order granting final approval.

Dated: August 27, 2020           THE DION-KINDEM LAW FIRM

BY: _____
  PETER R. DION-KINDEM, P.C.
  PETER R. DION-KINDEM
  Attorney for Plaintiff Jose Gonzalez

**Memorandum of Points and Authorities in Support of Final Approval of Class Action Settlement**

7