PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:   (818) 883-4900
Email:          peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
5211 East Washington Blvd. # 2262
Commerce, CA 90040
Telephone:   (213) 599-8255
Fax:             (213) 402-3949
Email:          lonnieblanchard@gmail.com

Attorneys for Plaintiff Jose Gonzalez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Gonzalez, an individual, on behalf of himself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>CoreCivic of Tennessee, LLC (formerly CCA of Tennessee, LLC), and Does 1 through 10, inclusive,<br><br>　　Defendants. | **Case No. 1:16-cv-01891-DAD-JLT**<br>*(Assigned to the Hon. Dale A. Drozd)*<br><br>**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards; Memorandum in Support**<br><br>Date:　　September 28, 2020<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 5 |
| Thomas Richards, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>　　Defendants. | **Case No. 1:17-CV-01094-LJO-JLT**<br>**CLASS ACTION** |

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

1

**Table of Contents**

I. THIS COURT SHOULD GRANT CLASS COUNSELS' REQUEST FOR ATTORNEYS' FEES BECAUSE THE AMOUNT SOUGHT IS FAIR AND REASONABLE. ............................................................... 6

    A. The U.S. Supreme Court has endorsed the percentage-of-the-recovery method for awarding attorneys' fees where class action litigation results in the creation of a common fund. ...................................................................................................... 6

    B. Courts in the Ninth Circuit have explicitly endorsed the percentage-of-the-recovery method in awarding attorneys' fees in the context of class action settlements............................................................................................................ 7

    C. Courts in the Ninth Circuit have also found that a request for fees of one-third of the entire common fund is fair and reasonable. ........................................................ 8

    D. Class counsels' request for attorneys' fees as a percentage of the entire settlement fund is reasonable in view of the Ninth Circuit's fee range and other relevant factors........................................................................................................................ 9

        1. Class Counsel obtained a substantial recovery for the Class. ....................... 9

        2. The contingent nature of the litigation and associated risks ....................... 9

        3. The risks and complexities of the litigation............................................... 11

        4. The experience of Class Counsel ............................................................... 12

        5. The high caliber of Defendant's counsel ................................................... 12

        6. The applicability of fee-shifting statutes.................................................... 12

        7. The lack of objections from class members.............................................. 13

    E. The requested attorneys' fees are also justified by the loadstar method................ 13

II. THE COURT SHOULD AWARD CLASS COUNSEL ITS COSTS. .................................................. 15

III. THE INCENTIVE PAYMENTS TO PLAINTIFFS SHOULD BE APPROVED. ................................... 16

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

**Table of Authorities**

**Cases**

*A Alyeska Pipeline Service Co. v. Wilderness Society* (1975) 421 U.S. 240 ........................................... 7

*Ashker v. Sayre* (N.D. Cal., Mar. 7, 2011, No. 05-03759 CW) 2011 WL 825713 ............................... 15

*Behrens v. Wometco Enterprises, Inc.* (S.D. Fla. 1988) 118 F.R.D. 534................................................ 14

*Bejarano v. Amerisave Mortgage Corp.*, No. CV 08-00599 (E.D. Cal.)..................................................... 8

*Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715................................................................... 10

*Blum v. Stenson* (1984) 465 U.S. 886 ........................................................................................................ 7

*Boeing Co. v. Van Gemert* (1980) 444 U.S. 472......................................................................................... 7

*Bond v. Ferguson Enterprises, Inc.* (E.D. Cal., June 30, 2011, No. 1:09-CV-1662 OWW MJS) 2011 WL 2648879 ............................................................................................................................................. 14

*Brown v. Phillips Petroleum Co.* (10th Cir. 1988) 838 F.2d 451 ............................................................. 7

*Camden I Condominium Ass'n, Inc. v. Dunkle* (11th Cir. 1991) 946 F.2d 768 ......................................... 7

*Chavez, et al. v. Petrissans*, et al., No. 08-00122 (E.D. Cal.)...................................................................... 9

*Chin v. Wachovia Financial Services Inc. et al.*, No. 08-00684 (N.D. Cal.)............................................. 8

*Clifford v. Trump* (C.D. Cal., Dec. 11, 2018, No. CV1806893SJOFFMX) 2018 WL 6519029 ............ 14

*Evans v. Jeff D.* (1986) 475 U.S. 717................................................................................................... 6, 12

*Fernandez v. Victoria Secret Stores, LLC* (C.D. Cal., July 21, 2008, No. CV 06-04149 MMM SHX) 2008 WL 8150856 ................................................................................................................................ 14

*Garner v. State Farm Mut. Auto. Ins. Co.* (N.D. Cal., Apr. 22, 2010, No. CV 08 1365 CW) 2010 WL 1687829.................................................................................................................................................. 13

*Gentry v. Superior Court* (2007) 42 Cal.4th 443 ................................................................................... 10

*Glass v. UBS Financial Services, Inc.* (9th Cir. 2009) 331 Fed.Appx. 452.............................................. 7

*Glass v. UBS Financial Services, Inc.* (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862.................................................................................................................................................... 16

*Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011......................................................................... 8

*Harman v. Lyphomed, Inc.* (7th Cir. 1991) 945 F.2d 969........................................................................ 7

*Harris v. Marhoefer* (9th Cir. 1994) 24 F.3d 16.................................................................................... 15

*In re Cendant Corp. PRIDES Litigation* (3d Cir. 2001) 243 F.3d 722..................................................... 7

*In re Equity Funding Corp. of America Securities Litigation* (C.D. Cal. 1977) 438 F.Supp. 1303 ....... 12

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

*In re General Instrument Securities Litigation* (E.D. Pa. 2001) 209 F.Supp.2d 423 ............................. 12

*In re Heritage Bond Litigation* (C.D. Cal., June 10, 2005, No. 02-ML-1475 DT) 2005 WL 1594403 .. 8, 12

*In re Immune Response Securities Litigation* (S.D. Cal. 2007) 497 F.Supp.2d 1166 ........................... 15

*In re Immunex Securities Litigation* (W.D. Wash. 1994) 864 F.Supp. 142 ........................................... 13

*In re King Resources Co. Securities Litigation* (D. Colo. 1976) 420 F.Supp. 610 ................................ 12

*In re Media Vision Technology Securities Litigation* (N.D. Cal. 1996) 913 F.Supp. 1362 ................... 15

*In re Mego Financial Corp. Securities Litigation* (9th Cir. 2000) 213 F.3d 454 .................................... 8

*In re Oracle Securities Litigation* (N.D. Cal. 1990) 131 F.R.D. 688 ...................................................... 8

*In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373 ...................................... 8, 11

*In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions* (3d Cir. 1998) 148 F.3d 283 ............................................................................................................................................ 15

*In re Rite Aid Corp. Securities Litigation* (3d Cir. 2005) 396 F.3d 294 ................................................ 13

*In re Washington Public Power Supply System Securities Litigation* (9th Cir. 1994) 19 F.3d 1291 ..... 10

*J. N. Futia Co. v. Phelps Dodge Industries, Inc.* (S.D.N.Y., Sept. 17, 1982, No. 78 CIV. 4547) 1982 WL 1892 ............................................................................................................................... 12

*Leyva v. Medline Industries Inc.* (9th Cir. 2013) 716 F.3d 510 ............................................................... 9

*Mashburn v. National Healthcare, Inc.* (M.D. Ala. 1988) 684 F.Supp. 679 ......................................... 10

*Paul, Johnson, Alston & Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268 ................................................. 7

*Perry v. SunAmerica*, No. CV 07-1193 (C. D. Cal.) ............................................................................... 8

*Powers v. Eichen* (9th Cir. 2000) 229 F.3d 1249 ..................................................................................... 8

*Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948 ....................................................... 17

*Romero v. Producers Dairy Foods, Inc.* (E.D. Cal., Nov. 14, 2007, No. 1:05CV0484 DLB) 2007 WL 3492841 ................................................................................................................................ 8

*Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001 ................................................................................................................................ 17

*Simpson v. e*Trade*, No. CV 06-156 (C. D. Cal.) .................................................................................. 9

*Singer v. Becton Dickinson and Co.* (S.D. Cal., June 1, 2010, No. 08-CV-821-IEG (BLM)) 2010 WL 2196104 .......................................................................................................................... 8, 17

*Six (6) Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301 ............................. 7

*Staton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938 ............................................................................ 7, 13

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

*Swedish Hosp. Corp. v. Shalala* (D.C. Cir. 1993) 1 F.3d 1261 ............................................................... 7

*Syed v. M-I, L.L.C.* (E.D. Cal., July 27, 2017, No. 112CV01718DADMJS) 2017 WL 3190341 ...... 8, 15

*Torrisi v. Tucson Elec. Power Co.* (9th Cir. 1993) 8 F.3d 1370............................................................... 7

*Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.* (9th Cir. 2006) 460 F.3d 1253 ........................................................................................................................ 15

*Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294....................................... 14, 16

*Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759 ............................................................... 7

*Vizcaino v. Microsoft Corp.* (9th Cir. 2002) 290 F.3d 1043 ................................................................. 8, 9

*Vizcaino v. Microsoft Corp.* (W.D. Wash. 2001) 142 F.Supp.2d 1299 ..................................... 11, 12, 13

*Weisbarth and List v. H R Block Financial Advisors, Inc.*, No. 07-00236 (C.D. Cal.) ............................ 8

*Williams v. Costco Wholesale Corp.* (S.D. Cal., July 7, 2010, No. 02CV2003 IEG(AJB)) 2010 WL 2721452.................................................................................................................................... 6

*Williams v. MGM-Pathe Communications Co.* (9th Cir. 1997) 129 F.3d 1026................................. 6, 13

*Winzelberg v. Liberty Mutual Ins. Co.*, No. CV 07-460 (C.D. Cal) ......................................................... 8

**No table of authorities entries found.Rules**

Fed. Rules Civ.Proc., rule 23 .................................................................................................................. 6

**Other Authorities**

4 Newberg on Class Actions § 14.7....................................................................................................... 15

Richard Posner, *Economic Analysis of Law* §21.9, at 534- 35 (3d ed. 1986)......................................... 10

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

5

Plaintiffs hereby petition for an award of attorneys' fees in the sum of $1,066,667 payable from the gross settlement amount as agreed to by Defendant, total costs payable to Class Counsel as set forth in the accompanying Declarations of Peter R. Dion-Kindem, Lonnie C. Blanchard III, Adrian Bacon, and an award of a $15,000 incentive Award to Plaintiff Jose Gonzalez and a $10,000 incentive award to Plaintiff Thomas Richards in recognition of their efforts and work in prosecuting the Actions on behalf of the Settlement Class Members and for their general releases of claims against Defendant and as provided and agreed to by Defendant in the Settlement Agreement.

I. **THIS COURT SHOULD GRANT CLASS COUNSELS' REQUEST FOR ATTORNEYS' FEES BECAUSE THE AMOUNT SOUGHT IS FAIR AND REASONABLE.**

Fed. Rules Civ.Proc., Rule 23(h) of the Federal Rules of Civil Procedure provides that a court may award reasonable attorney's fees and costs in a certified class action when authorized "by the parties' agreement." In this case, the Settlement provides that Plaintiffs may seek an award of attorneys' fees of up to one-third of the gross settlement of $3.2 million. Plaintiffs therefore move for an award of attorneys' fees in amount of $1,067,677. (Dion-Kindem Decl., ¶ 11.) As discussed below, this Court should grant Class Counsels' requests because Plaintiffs have given adequate notice of this request to class members in accordance with Rule 23(h)(1) and because the amount sought is fair, adequate, and reasonable under the circumstances of this case.

    **A.    The U.S. Supreme Court has endorsed the percentage-of-the-recovery method for awarding attorneys' fees where class action litigation results in the creation of a common fund.**

"[T]he Supreme Court has indicated that the parties to a class action properly may negotiate not only the settlement of the action itself, but also the payment of attorneys' fees." (*Williams v. MGM-Pathe Communications Co.* (9th Cir. 1997) 129 F.3d 1026, 1027 (*citing Evans v. Jeff D.* (1986) 475 U.S. 717, 734–735 [106 S.Ct. 1531, 1541, 89 L.Ed.2d 747]);[1] *see also Williams v. Costco Wholesale Corp.* (S.D. Cal., July 7, 2010, No. 02CV2003 IEG(AJB)) 2010 WL 2721452, at *6 ("Parties to a class action may appropriately negotiate the payment of attorneys' fees and costs in conjunction with the

---

[1] The Supreme Court held in *Jeff D* that plaintiff's counsel could refuse to accept the settlement even at 100 cents on the dollar to the plaintiffs, just because there was not a sufficient amount for attorney's fees included. (*See* 475 U.S. at 722.)

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

settlement of the action itself.").) It also "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." (*Boeing Co. v. Van Gemert* (1980) 444 U.S. 472, 478 [100 S.Ct. 745, 749, 62 L.Ed.2d 676]; *Alyeska Pipeline Service Co. v. Wilderness Society* (1975) 421 U.S. 240 [95 S.Ct. 1612, 44 L.Ed.2d 141] (common fund doctrine permits recovery of attorneys' fees and costs from money obtained from defendants).)

In *Blum v. Stenson* (1984) 465 U.S. 886, 900 fn. 19 [104 S.Ct. 1541, 1550, 79 L.Ed.2d 891], the Supreme Court explained that under the common fund doctrine, a reasonable fee may be based "on a percentage of the fund bestowed on the class." This method "rests on the presumption that persons who obtain benefits of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." (*Staton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938, 967.) This rule is designed to prevent unjust enrichment by distributing the costs of litigation among those who benefit from the efforts of the litigants and their counsel. (*Paul, Johnson, Alston & Hunt v. Graulty* (9th Cir. 1989) 886 F.2d 268, 271.) As such, it is only fair that every class member who benefits from the settlement pay his or her pro rata share of attorneys' fees.

### B. Courts in the Ninth Circuit have explicitly endorsed the percentage-of-the-recovery method in awarding attorneys' fees in the context of class action settlements.

The Ninth Circuit has repeatedly endorsed the use of the "percentage-of-recovery" method in common fund cases.[2] (*See*, *e.g.*, *Glass v. UBS Financial Services, Inc.* (9th Cir. 2009) 331 Fed.Appx. 452, 457 (affirming district court's use of percentage-of-recovery method); *Paul, Johnson, Alston & Hunt v. Graulty*, *supra*, 886 F.2d at 271–72 (explaining that it is well-settled that a lawyer who helps create a common fund should be allowed to share in the award); *Torrisi v. Tucson Elec. Power Co.* (9th Cir. 1993) 8 F.3d 1370; *Six (6) Mexican Workers v. Arizona Citrus Growers* (9th Cir. 1990) 904 F.2d 1301; *Vincent v. Hughes Air West, Inc.* (9th Cir. 1977) 557 F.2d 759, 769 ("a private plaintiff, or his

---

[2] Other circuits and commentators have expressly approved the use of the percentage method. (*See*, *e.g.*, *In re Cendant Corp. PRIDES Litigation* (3d Cir. 2001) 243 F.3d 722; *Harman v. Lyphomed, Inc.* (7th Cir. 1991) 945 F.2d 969, 975; *Brown v. Phillips Petroleum Co.* (10th Cir. 1988) 838 F.2d 451, 454.) Moreover, two circuits have even ruled that the percentage method is *mandatory* in common fund cases. (*See Swedish Hosp. Corp. v. Shalala* (D.C. Cir. 1993) 1 F.3d 1261; *Camden I Condominium Ass'n, Inc. v. Dunkle* (11th Cir. 1991) 946 F.2d 768, 774–775.)

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees"); *In re Oracle Securities Litigation* (N.D. Cal. 1990) 131 F.R.D. 688, 694, *modified* (N.D. Cal. 1990) 132 F.R.D. 538 ("there is growing recognition in the courts that the percentage contingent fee is a suitable method for compensating counsel in a common fund class action … . Indeed, when compared to the murky criteria of the lodestar approach, contingent fee compensation is vastly superior").)

### C. Courts in the Ninth Circuit have also found that a request for fees of one-third of the entire common fund is fair and reasonable.

The Ninth Circuit has adopted a 25% "benchmark" for attorneys' fees in common fund cases. (*Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1029; *Powers v. Eichen* (9th Cir. 2000) 229 F.3d 1249, 1256; *see also Vizcaino v. Microsoft Corp.* (9th Cir. 2002) 290 F.3d 1043.) A number of Ninth Circuit courts have indicated that the benchmark may be one-third or higher, however. (*See*, *e.g.*, *In re Mego Financial Corp. Securities Litigation* (9th Cir. 2000) 213 F.3d 454, 460, *as amended (June 19, 2000)* (affirming award of fees equal to one-third of total recovery); *In re Pacific Enterprises Securities Litigation* (9th Cir. 1995) 47 F.3d 373, 379 (awarding 33% of $12 million common settlement fund); *Syed v. M-I, L.L.C.* (E.D. Cal., July 27, 2017, No. 112CV01718DADMJS) 2017 WL 3190341, at *7 (attorney's fees of $2,333,333.33 equal to one-third of gross settlement approved by Judge Drozd); *Romero v. Producers Dairy Foods, Inc.* (E.D. Cal., Nov. 14, 2007, No. 1:05CV0484 DLB) 2007 WL 3492841 (33% fee awarded); *Singer v. Becton Dickinson and Co.* (S.D. Cal., June 1, 2010, No. 08-CV-821-IEG (BLM)) 2010 WL 2196104, at *8 (approving attorney fee award of 33.33% of the common fund and holding that the award was similar to awards in three other wage and hour class actions where fees ranged from 30.3% to 40%); *In re Heritage Bond Litigation* (C.D. Cal., June 10, 2005, No. 02-ML-1475 DT) 2005 WL 1594403 (33.33% percentage of common fund fee award approved); *Chin v. Wachovia Financial Services Inc. et al.*, No. 08-00684 (N.D. Cal.) (33% award); *Burrows v. Combined Ins. Co. of Am.*, No. 08-01752 (E.D. Cal.) (33% award); *Bejarano v. Amerisave Mortgage Corp.*, No. CV 08-00599 (E.D. Cal.) (33% award); *Weisbarth and List v. H R Block Financial Advisors, Inc.*, No. 07-00236 (C.D. Cal.) (33% award); *Winzelberg v. Liberty Mutual Ins. Co.*, No. CV 07-460 (C.D. Cal) (33% award); *Perry v. SunAmerica*, No. CV 07-1193 (C. D. Cal.) (33%

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

award); *Simpson v. e*Trade*, No. CV 06-156 (C. D. Cal.) (33% award); *Chavez, et al. v. Petrissans*, et al., No. 08-00122 (E.D. Cal.) (33% award).)

This is also consistent with Class Counsels' experience. (Dion-Kindem Decl., ¶¶ 12-17.)

### D. Class counsels' request for attorneys' fees as a percentage of the entire settlement fund is reasonable in view of the Ninth Circuit's fee range and other relevant factors.

In view of the authorities discussed above, Class Counsel's request of one-third of the gross settlement amount is reasonable and falls within the fee range in the Ninth Circuit and elsewhere. As explained below, several additional factors also show that the amount of Class Counsels' attorneys' fees request is fair and reasonable, which include, but are not necessarily limited to, the contingent nature of the fee, the risks and complexities of the litigation, the experience of Class Counsel, the high caliber of Defendant's counsel, the impact of the litigation on Class Counsels' ability to obtain and perform other work, the applicability of fee-shifting statutes to the claims asserted, and the class members' reaction to the requested attorneys' fees award.

#### 1. Class Counsel obtained a substantial recovery for the Class.

Class Counsel obtained a substantial recovery for the settlement class. Class Counsel have therefore performed a valuable public service, and given the relatively small individual amounts at issue, this settlement furthers public policy by using the class action procedure to provide redress to those individuals who would otherwise not be able to access the judicial system to recover the statutory damage due them. (Dion-Kindem Decl., ¶ 18.) As the Ninth Circuit stated in *Leyva v. Medline Industries Inc.* (9th Cir. 2013) 716 F.3d 510, 515, "In light of the small size of the putative class members' potential individual monetary recovery, class certification may be the only feasible means for them to adjudicate their claims."

#### 2. The contingent nature of the litigation and associated risks

The contingent nature of this litigation is an important factor that shows the reasonableness of the requested attorneys' fees. (*Vizcaino*, 290 F.3d at 1049–50.) Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

an hourly basis regardless of whether they win or lose. (*In re Washington Public Power Supply System Securities Litigation* (9th Cir. 1994) 19 F.3d 1291, 1299.) As noted by the court in *In re Washington Pub. Power Supply Sys. Sec. Litig.,* it is an established practice to reward attorneys who take on the added risk of a contingency case. (*Id.*) Indeed, it is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases. (*See* Richard Posner, *Economic Analysis of Law* §21.9, at 534- 35 (3d ed. 1986).)

Moreover, fee awards in successful cases, such as the present action, encourage and support meritorious class actions and thereby promote private enforcement of, and compliance with, employee and consumer protection laws. (*See, e.g., Mashburn v. National Healthcare, Inc.* (M.D. Ala. 1988) 684 F.Supp. 679, 687 ("[A] financial incentive is necessary to entice capable attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to complex, time-consuming cases for which they may never be paid."); *accord Gentry v. Superior Court* (2007) 42 Cal.4th 443, 462 [64 Cal.Rptr.3d 773, 786, 165 P.3d 556, 567]; *Bell v. Farmers Ins. Exchange* (2004) 115 Cal.App.4th 715, 745 [9 Cal.Rptr.3d 544, 570], *as modified on denial of reh'g (Mar. 9, 2004)*.)

In this case, Class Counsel are being paid entirely on contingency and have not been paid any attorneys' fees since assuming representation of Plaintiffs. (Dion-Kindem Decl., ¶19.) In turn, Class Counsel and their staff members have devoted numerous hours that they could have spent on other matters, albeit lower risk contingency or hourly ones, on this particular litigation. During that time period, in addition to the time they have spent working on this case, Class Counsel have also incurred out-of-pocket expenses and have estimated that they will incur additional out-of-pocket expenses, all of which they would likely not have been able to recover if this litigation had been unsuccessful. (Dion-Kindem Decl., ¶ 19; Beacon Decl., ¶ 21.) Further, as discussed below, they expended these sums and incurred these costs in the pursuit of highly risky litigation. Accordingly, the contingent nature of the fee and surrounding circumstances show that the amount of Class Counsels' attorneys' fees request is fair and reasonable. (Dion-Kindem Decl., ¶ 19.)

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

### 3. The risks and complexities of the litigation

The risks of the litigation and the novelty and complexity of the issues involved are also important factors in determining a fair and reasonable attorneys' fees award. (*Vizcaino v. Microsoft Corp.* (W.D. Wash. 2001) 142 F.Supp.2d 1299, 1303–1306, *aff'd* (9th Cir. 2002) 290 F.3d 1043.) In light of these considerations, courts in the Ninth Circuit have recognized that a high-risk factor is one reason for increasing attorneys' fee awards above the 25% benchmark, where contingency litigation is the norm rather than the exception. (*See id.* at 1303–04; *see also In re Pac. Enter. Sec. Litig.*, *supra*, 47 F.3d at 379 (33% of the common fund as attorney's fees was justified because of the complexity of the issues and the risks).) In *Vizcaino*, the Court explained that the case was extremely risky for class counsel to pursue because of negative facts, the lack of controlling law, and the vigorous defense of the case. (*Vizcaino,* 142 F. Supp. 2d at 1303.) The *Vizcaino* Court further noted that class counsel's risk in that case was even greater and their work was more difficult because the defendant was a large and formidable company. (*Id.*)

As noted in the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval, this litigation presented significant risks given the legal uncertainties, nuances, and other complexities of the law governing meal and rest period and hours worked claims.

Likewise, even assuming that Plaintiffs would have prevailed on class certification, there still would have been a substantial risk that a certified class might have been decertified at a later point in the litigation based on changes in the law or other future developments. These risks are all the more magnified considering that this case is pending in federal court, where orders denying class certification/granting class decertification are not immediately appealable as a matter of right as they are in California courts. (Dion-Kindem Decl., ¶ 20.)

The risks of this litigation, therefore, show that the requested attorneys' fees are reasonable. Class Counsel took on this representation well aware of the risks involved and with the full intention of seeing it to the end, including through any appeals (and they could still, in theory, have to litigate appellate issues pending the outcome of this motion and the expiration of the appeals period). In the face of the risks involved and the authorities discussed above, Class Counsel performed tremendous

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

amount of work and vigorously litigated this Action. Class Counsel's request for fees is fair and reasonable. (Dion-Kindem Decl., ¶ 21.)

### 4. The experience of Class Counsel

The experience of Class Counsel also justifies a one-third fee award. (*See In re Heritage Bond Litigation* (C.D. Cal., June 10, 2005, No. 02-ML-1475 DT) 2005 WL 1594403 (awarding fees of one-third of common fund where counsel specialized in same type of litigation); *In re General Instrument Securities Litigation* (E.D. Pa. 2001) 209 F.Supp.2d 423, 432–433 (experience of counsel justified one-third fee award of common fund).) The quality of Class Counsels' work and the efficacy and dedication with which it was performed should be compensated. (*See*, *e.g.*, *J. N. Futia Co. v. Phelps Dodge Industries, Inc.* (S.D.N.Y., Sept. 17, 1982, No. 78 CIV. 4547) 1982 WL 1892.) Here, as their attached declarations reflect, the firms that comprise Class Counsel collectively have extensive experience in employment litigation generally and wage and hour class action litigation specifically and have been able to bring this case to a favorable resolution in spite of its risks. Accordingly, this factor also shows that the requested fee award is reasonable.

### 5. The high caliber of Defendant's counsel

The caliber of opposing counsel is another important factor in assessing the quality of Class Counsel's work and the reasonableness of the attorneys' fees request. (*Vizcaino*, *supra*, 142 F. Supp. 2d at 1303; *In re Equity Funding Corp. of America Securities Litigation* (C.D. Cal. 1977) 438 F.Supp. 1303, 1337; *In re King Resources Co. Securities Litigation* (D. Colo. 1976) 420 F.Supp. 610, 634.) Here, Class Counsel were opposed by attorneys from an experienced labor law firm with the resources of a large corporate client at their disposal. (Dion-Kindem Decl., ¶ 22.) Despite facing such worthy adversaries, Class Counsel achieved an extraordinary result for the Settlement Class.

### 6. The applicability of fee-shifting statutes

This case involves a statute that allows Plaintiffs to recover attorneys' fees from the opposing party, specifically the fee shifting provisions of California Labor Code §§ 1197, 218.5, and 226(e). Where fee-shifting statutes are involved, it is entirely proper for settlements to hinge on negotiation of attorneys' fees. (*See Evans v. Jeff D.*, *supra*.) In light of these fee-shifting statutes, the parties agreed to

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

accept a contingency award based upon the Ninth Circuit percentage-of-the-recovery fee range. (*Williams v. MGM-Pathe Communs. Co*., *supra*.) This consideration also supports the reasonableness of the requested fee award. (Dion-Kindem Decl., ¶ 23.)

### 7. The lack of objections from class members

The absence of objections to, or requests for exclusion from, the Settlement also demonstrates the fairness and reasonableness of Class Counsels' request for fees. (*See Garner v. State Farm Mut. Auto. Ins. Co.* (N.D. Cal., Apr. 22, 2010, No. CV 08 1365 CW) 2010 WL 1687829, at *2 ("a single objection out of a sizeable class, after notice, further demonstrates the reasonableness and fairness of Class Counsels' request"); *In re Rite Aid Corp. Securities Litigation* (3d Cir. 2005) 396 F.3d 294, 305, *as amended (Feb. 25, 2005)* (explaining that low level of objections is a "rare phenomenon").) Here, notices of the Settlement were mailed to Class Members, which notices informed them that Class Counsel would apply for attorneys' fees of up to one-third of the gross settlement amount and reimbursement of expenses of up to $40,000.00 and further advised them of their right to object to such requests. No class submitted any objections. (Butler Decl., ¶ 17.) Accordingly, the absence of objections speaks to the fairness of the requested award of attorneys' fees. (Dion-Kindem Decl., ¶ 24.)

### E. The requested attorneys' fees are also justified by the loadstar method.

Fees may be awarded based on the lodestar method (calculated by applying counsels' hourly rates to the time spent and a risk multiplier where appropriate). (*Staton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938, 968.) "District Courts often use the lodestar method as a cross-check on the percentage method in order to ensure a fair and reasonable result." (*Vizcaino, supra.* 142 F.Supp.2d at 1305 (citing *In re Immunex Securities Litigation* (W.D. Wash. 1994) 864 F.Supp. 142, 144.) In using the lodestar approach, the court may apply a risk multiplier, by which the base lodestar figure is multiplied in order to increase (or decrease) the award of attorney fees based on such factors as the risk involved and the length of the proceedings.

Class Counsels' requested attorneys' fees are also justified under the loadstar method. Using Class Counsels' normal hourly rates, the "lode-star" fees incurred by Class Counsel (excluding paralegal hours for Peter R. Dion-Kindem and The Blanchard Law Group, APC), is as follows:

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

| Attorney | Years of Experience | Hours | Rate | Fees |
|---|---|---|---|---|
| Lonnie C. Blanchard, III | 40 | 602 | $875 | $526,750.00 |
| Peter R. Dion-Kindem | 40 | 545 | $875 | $476,875.00 |
| Law Offices of Todd M. Friedman, P.C. | Varies | 172 | Varies | $100,750.00 |
| | | | **Total:** | $1,104,375.00 |
| | | | **Fees Sought:** | $1,066,667.00 |
| | | | **Multiplier:** | 0.97 |

(Dion-Kindem Decl., ¶¶ 25-27; Blanchard Decl., ¶¶ 7-8; Bacon Decl., ¶¶ 22-25.)

In *Clifford v. Trump* (C.D. Cal., Dec. 11, 2018, No. CV1806893SJOFFMX) 2018 WL 6519029 (appeal pending), an anti-SLAPP, lawsuit, Judge Otero stated the following about billing rates for attorneys in California

> Based on the unique nature of this litigation and the Court's familiarity with the fees charged in this jurisdiction, the Court concludes that Defendant's rate requests are reasonable. In similar First Amendment anti-SLAPP litigation involving highly qualified attorneys, a court in the Northern District of California held that ***experienced partners were entitled to between $880 and $995 per hour***, senior associates were entitled to between $450 and $535 per hour, and junior associates were entitled to $355 per hour. *See* Open Source Sec., Inc. v. Perens, No. 17-CV-04002-LB, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018). . . . (Emphasis added.)

This case is certainly as legally complex, if not more complex, than an anti-SLAPP case. Moreover, Class Counsel has submitted declarations substantiating their requested hourly rates.

Where a lodestar is merely being used as a cross-check, the court "may use a 'rough calculation of the lodestar.'" (*Bond v. Ferguson Enterprises, Inc.* (E.D. Cal., June 30, 2011, No. 1:09-CV-1662 OWW MJS) 2011 WL 2648879, at *12) (quoting *Fernandez v. Victoria Secret Stores, LLC* (C.D. Cal., July 21, 2008, No. CV 06-04149 MMM SHX) 2008 WL 8150856.) Beyond simply the multiplication of a reasonable hourly rate by the number of hours worked, a lodestar multiplier is typically applied. "Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation." (*Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 298 (citing *Behrens v. Wometco Enterprises, Inc.* (S.D. Fla. 1988) 118 F.R.D. 534, 549, *aff'd sub nom. Behrens v. Wometco Enterprises* (11th Cir. 1990) 899 F.2d 21); *In re Prudential Ins. Co. America Sales Practice*

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**
14

*Litigation Agent Actions* (3d Cir. 1998) 148 F.3d 283, 341 ("[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.") (quoting Newberg).)

Here, the proposed fee award would result in a negative multiplier of .97. This is on the lower end of multipliers which are typically approved in class action settlements. (*See* 4 Newberg on Class Actions § 14.7 (courts typically approve percentage awards based on lodestar cross-checks of 1.9 to 5.1 or even higher, and "the multiplier of 1.9 is comparable to multipliers used by the courts"); *see also Syed v. M-I, L.L.C.* (E.D. Cal., July 27, 2017, No. 112CV01718DADMJS) 2017 WL 3190341, at *7 (district court approved lodestar of 2.15 in connection with cross-check of attorney fee award of $2,333,333.33 (one-third of settlement amount)).) (Dion-Kindem Decl., ¶ 29.)

## II. THE COURT SHOULD AWARD CLASS COUNSEL ITS COSTS.

Under the Agreement, Defendant agreed not to oppose any application or motion by Class Counsel for an award of costs not to exceed $40,000. The Class Counsel Costs shall be paid out of the Gross Settlement Amount. Any portion of the Class Counsel Costs that are sought but not awarded to Class Counsel will revert to Defendant. (*See* Dion-Kindem Declaration, ¶ 30.)

Courts have recognized that Class Counsel should be reimbursed their litigation costs. (*See Harris v. Marhoefer* (9th Cir. 1994) 24 F.3d 16, 19 (counsel should recover "those out-of-pocket expenses that would normally be charged to a fee paying client"); *see also Ashker v. Sayre* (N.D. Cal., Mar. 7, 2011, No. 05-03759 CW) 2011 WL 825713, at *3 ("The costs of reproducing pleadings, motions and exhibits are typically billed by attorneys to their fee-paying clients" and are reimbursable); *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.* (9th Cir. 2006) 460 F.3d 1253, 1258–1259 (legal research costs reimbursable); *In re Immune Response Securities Litigation* (S.D. Cal. 2007) 497 F.Supp.2d 1166, 1178 (mediation expenses, consultant and expert fees, legal research, copies, postage, filing fees, messenger and federal express costs reimbursable); *Marhoefer*, *supra*, 24 F.3d at 19 (postage expenses reimbursable); *In re Media Vision Technology Securities Litigation* (N.D. Cal. 1996) 913 F.Supp. 1362, 1371 ("A filing fee or serving fee is unquestionably a necessary expense of every litigation").)

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

The total costs incurred by Counsel are $22,226.31. (Dion-Kindem Decl., ¶ 33; Blanchard Declaration, ¶ 6; Bacon Decl., ¶ 35.) The litigation expenses by Class Counsel were reasonably incurred. (Dion-Kindem Decl., ¶ 32; Blanchard Declaration, ¶ 5; Bacon Decl., ¶ 36.) No objections have been filed to the requested reimbursement of costs. (Dion-Kindem Decl., ¶ 31.) Thus, the Court should grant the request for costs.

### III.   THE INCENTIVE PAYMENTS TO PLAINTIFFS SHOULD BE APPROVED.

The Settlement Agreement provides that Plaintiff Jose Gonzalez will apply for an incentive award of up to $15,000 and Plaintiff Thomas Richards will apply for an incentive award of up to $10,000 to compensate them appropriately for the risk in pursuing the litigation and their efforts in prosecuting this case including retaining and assisting counsel and keeping abreast of the litigation. Defendant agreed not to oppose the requests. Any portion of the Class Representative Service Award not awarded to Plaintiffs will not revert to Defendant, but instead shall be returned to the Net Settlement Amount for distribution to class members. (Dion-Kindem Decl., ¶ 31.)

Not a single class member filed an objection to this request. (Butler Decl., ¶ 17; Dion-Kindem Decl., ¶ 35.)

The proposed amounts of plaintiffs' incentive awards are lower than awards found to be fair and reasonable in other cases. (*See, e.g., Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 300 (holding that incentive award of $50,000 to each named plaintiff was fair and reasonable); *Glass v. UBS Financial Services, Inc.* (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862, at *16, *aff'd* (9th Cir. 2009) 331 Fed.Appx. 452 (approving incentive award of $25,000 for each of four named plaintiffs).) (Dion-Kindem Decl., ¶ 36.)

Here, Plaintiffs filed these class actions to enforce California's labor law through private enforcement. Plaintiffs spent many hours assisting Class Counsel in prosecuting this case. Plaintiffs' efforts included gathering documents for use in this lawsuit, communicating with Class Counsel on numerous occasions, strategizing with Class Counsel, and communicating with Class Counsel regarding settlement issues. Plaintiffs also bore the substantial financial risk associated with class

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**

action litigation, potentially being personally responsible for substantial costs if the claims did not succeed. (Dion-Kindem Decl., ¶ 37.)

Consequently, the Court may and should award an incentive payment to Plaintiffs "to compensate [the] class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." (*See Rodriguez v. West Publishing Corp.* (9th Cir. 2009) 563 F.3d 948, 958–959; *Schiller v. David's Bridal, Inc.* (E.D. Cal., June 11, 2012, No. 1:10-CV-00616-AWI) 2012 WL 2117001, at *23, *report and recommendation adopted* (E.D. Cal., June 28, 2012, No. 1:10-CV-616-AWI-SKO) 2012 WL 13040405 (granting request for incentive payment based on class representative's efforts in assisting class counsel and financial risk, *inter alia*).) (Dion-Kindem Decl., ¶ 38.)

Moreover, the requested incentive payments are not excessive; the amounts constitute only .47% and .31% of the total amount payable by Defendant. (*See, e.g.*, *Singer v. Becton Dickinson and Co.* (S.D. Cal., June 1, 2010, No. 08-CV-821-IEG (BLM)) 2010 WL 2196104, at *7 (approving incentive payment constituting 2.5% of gross settlement fund).) (Dion-Kindem Decl., ¶ 38.)

For these reasons, Class Counsel respectfully request that the Court grant the requested incentive payments for Plaintiffs.

Dated: August 27, 2020                          THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Jose Gonzalez

**Plaintiffs' Petition for Award of Attorneys' Fees and Costs and Representative Incentive Awards**